Walter R. Hart, J.
Proceeding to review the determination of respondent denying a certificate of eviction. The landlord sought a certificate of eviction to obtain possession of the tenant’s four-room apartment for use and occupancy by her son and his wife. At the time of the filing of the application the landlord, her son and his wife and another son resided in a four-room apartment consisting of a kitchen, bedroom, dining room and living room. The mother occupied the bedroom, the son and the daughter-in-law slept in the dining room and the *721 other son slept in the living room. The application was opposed by the tenant on the ground it was not brought in good faith, but was retaliatory because of tenant’s complaints to the landlord for failure to make repairs and supply sufficient heat and hot water. Notwithstanding the undeniable overcrowding as shown by petitioner’s application, the local rent administrator found the landlord had failed to establish the existence of an immediate and compelling necessity and denied the application. There was no finding that the application was not made in good faith. A protest was filed and a conference had. No testimony seems to have been taken at such conference other than a statement by the landlord’s attorney that since the filing of the protest, petitioner’s unmarried son had died and that since such time the daughter-in-law had become pregnant. The “hearing officer ” found there was no immediate and compelling necessity since one less person occupies landlord’s apartment and that the “ Berger ” situation was not applicable “ because Mrs. Cioffi by herself not family unit ”. Respondent found there was no immediate and compelling necessity and denied the protest. Respondent made no finding of bad faith.
The “ Berger ” situation mentioned apparently has reference to Matter of Berger v. McGoldrick (133 N. Y. S. 2d 390, 392) wherein the court held that ‘ A reasonable human attitude must be exercised towards the situations shown and the circumstances surrounding them in all matters of this character. It is not the function of anybody to ordain a new code of action and ethics for the persons concerned. Rather should they be considered from the viewpoint of the average ordinarily respectably living persons and families similarly circumstanced. * * * We deem it beyond question that each family unit and each other family unit springing from it is entitled under our recognized conventions to have their own home undisturbed by the particular and personal affairs of each other.”
In the Matter of De Maria v. McGoldrick (133 N. Y. S. 2d 630, 631) the court affirmed the action of the rent' administrator, in granting a certificate of eviction, concurred in the decision and the principles set forth in Matter of Berger v. McGoldrick, and said in its opinion in that case: “In this regard the Administrator has adopted the reasoning of the Supreme Court as expressed in the case of Berger v. McGoldrick, wherein, in essence, it was held that the co-residence of two generations within one housing accommodation was per se so undesirable as to constitute an immediate and compelling necessity in so far as it militated against proper privacy and adequacy of space.”
*722 There is no holding in either ease that a family unit must consist of more than one person, as seems to be the opinion of the ‘ ‘ hearing officer ’ ’ and apparently adopted by respondent. No such narrow view should be adopted. The mother, as one-family unit, albeit a single individual, is entitled to have the sole use of her apartment, if she so desires, without having to share the kitchen and bathroom with another unit or family. Likewise, a married couple should also have the right to their own privacy and neither unit should be required to give up part of their living quarters for sleeping quarters and the consequent deprivation of the enjoyment of marital privileges and social amenities.
Respondent urges, in support of his determination, the Matter of D’Angelo v. Weaver (N. Y. L. J., Jan. 2, 1957, p. 10, col. 3, Friedman, J.). However, the facts in that case are quite dissimilar to those in the instant case. There, the premises consisted of six rooms, containing three bedrooms, a living room, sewing room and kitchen. A previous application for a certificate had been denied, and the son and his wife had voluntarily moved in with his mother and they had been living with his mother for some time. But more in point is Matter of Pedersen v. Weaver, decided by Friedman, J., and appearing in the Law Journal on the same day and on the same page. In that case Justice Fbiedman indicated his approval of the Berger case and the right of marital couples to their privacy and stated that “ Every woman is entitled to be the ‘ boss ’ of her own kitchen.”
Accordingly, the determination is contrary to law and is arbitrary and capricious and must be annulled. Submit order.