In the Matter of MICHAEL GREGNA, Appellant, against ROBERT C. WEAVER, as State Rent Administrator, Respondent.— In a proceeding to review a determination of the State Rent Administrator denying an application for a certificate of eviction, the landlord appeals from an order denying the petition and dismissing the proceeding. Appellant, a bachelor, together with his unmarried sister who keeps house for him, a married brother and his wife, have since 1942 been occupying the ground floor of a two-family building. Appellant seeks to evict the tenant from a four-room second-floor apartment for his own use and occupancy. His unmarried sister and an unmarried brother will also be living with him (as to the latter two, their need is not to be considered herein). The apartment occupied by appellant is a railroad flat and contains five rooms and a porch, or six rooms. The street entrance to the apartment is through the porch. Then there follow the living room, a bedroom, the kitchen, the bathroom, another bedroom and the dining room. Appellant uses the porch for his sleeping accommodations, and his sister uses the bedroom in the center of the apartment for her sleeping accommodations. The brother and his wife use the rear bedroom. It appears that the married brother, a musician and entertainer, comes home at different hours in the morning; he enters the apartment through the porch and passes through the sister's bedroom, thereby disturbing the sleep and privacy of appellant and, incidentally, his sister. Their sleep is also disturbed by the noise accompanying the preparation of meals by the brother's wife. It also appears that prior to the filing of the application appellant constructed a kitchen and bathroom in the basement for the use of his sister, who cooks and keeps house for him. This construction was found to be a violation and had to be dismantled. The Local Rent Administrator denied the application on the ground that appellant failed to establish an immediate and compelling necessity. On protest appellant, in addition to the foregoing, stated that he and his sister are boarders in his brother's apartment and that he is seeking the second-floor apartment for his own use and occupancy, and also that a feud between his sister and his sister-in-law, which had existed before the construction of the two rooms in the basement and which he did not care to mention in the original application for personal reasons, has grown more intolerable since they resumed joint use of the kitchen. A doctor's affidavit had been submitted to the effect that the sister-in-law has become pregnant and is under medical care. She therefore requires greater use of the bathroom and the kitchen. The State Rent Administrator, although finding no evidence of bad faith, nevertheless held that appellant failed to establish an immediate, compelling necessity, that he is adequately housed, and also that the granting of relief to appellant would in effect be granting a housing accommodation to his brother and sister-in-law, persons who are not classified as members of the " immediate family " as defined in subdivision 1 of section 55 of the State Rent and Eviction Regulations. Order reversed, without costs, determination annulled, and matter remitted to the State Rent Administrator for further proceedings not inconsistent herewith. In our opinion the facts and circumstances indicate that appellant is not adequately housed and has established an immediate and compelling necessity for the apartment for his own use and occupancy, and the contrary finding by the State Rent Administrator was capricious and arbitrary. Appellant, although a bachelor living by himself, is a separate family

unit from that of his married brother and his wife, with whom appellant resides as a boarder. The necessity of appellant's sister (who does his cooking) having to share the kitchen with appellant's sister-in-law (she and her husband being the real tenants of the apartment), plus the need to share one bathroom with her sister-in-law (who is pregnant), plus the invasion of appellant's sleeping accommodations (the porch through which entrance to the apartment is made) require findings that appellant is not adequately housed and that an immediate, compelling necessity exists. (*Matter of Berger* v. *McGoldrick,* 133 N. Y. S. 2d 390; *Matter of De Maria* v. *McGoldrick,* 133 N. Y. S. 2d 630; *Matter of Pedersen* v. *Weaver,* 160 N. Y. S. 2d 297; *Matter of Cioffi* v. *Temporary State Housing Rent Comm.,* 6 Misc 2d 720.) The fact that appellant's brother and sister-in-law will gain more room for themselves as a result of granting appellant's application does not lessen appellant's right to the certificate of eviction in view of the fact that he is inadequately housed and has shown good faith and an immediate and compelling necessity. Wenzel, Acting P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.