Joseph A. Sarafite, J.
This is an article 78 proceeding to review and annul an order denying landlord petitioner’s protest, refusing decontrol and fixing maximum rent. The subject *1011 of the dispute concerns a six-room apartment, located on the second floor of petitioner’s building. This apartment was decontrolled by reason of prior owner occupancy. The issue here is whether respondent’s determination that the apartment became recontrolled because it was being used for “ other than single family occupancy was arbitrary and capricious.”
Section 2 (subd. f, par. [11]) of the City Bent, Eviction and Behabilitation Begulations, provides in part: ‘ ‘ Such housing accommodations shall remain decontrolled only so long as the housing accommodations are not occupied for other than single family occupancy.”
The petitioner contends that he rented the apartment continuously as an entire unit, although the tenants were unrelated to each other, and on one occasion were of different sexes; that he ‘ ‘ retained no control over the manner in which these tenants used or occupied the * * * rooms of this single apartment; ” that he collected a single rent; and that there was no evidence that petitioner rented the apartment to more than one family at any time.
The respondent argues that “an exhaustive record” indicates that the landlord “ deliberately undertook to operate the * # * apartment as a rooming house ”, and rented it as “ two separate portions; ” that the tenants rented the two portions separately, had ‘ ‘ no discernible relationship ’ ’ with each other, and each paid his rent directly to the landlord petitioner.
It appears that the renting at all times was dual in nature — rather than single. On these facts, the respondent found: “ The record establishes a pattern of renting to individuals unrelated to each other, resulting in occupancy for other than single family within the purview of the Bent Begulations. The Administrator therefore finds that recontrol was effected by such renting to unrelated individuals.”
This finding of fact must be accepted since it is founded on substantial evidence in the record. Whether the legal conclusion drawn from this finding is warranted, is another matter.
Petitioner cites, in support of his claim that the conclusion reached is wrong, Administrator’s Opinion No. 103. The opinion issued by respondent’s predecessor in connection with section 2 (subd. f, par. [11]) prior to this proceeding pertains to the rental of a one-family house or an apartment in a two-family house after April 1, 1953. It was therein held that the rental of such unit to two separate families, each consisting of husband and wife, who would share — as separate families — kitchen and bathroom facilities, would not operate to decontrol the unit. It was stated in that opinion:
*1012 <(It was not the Legislative intent to permit decontrol where the vacant apartment is subsequently rented to more than one family with the inevitable threat to health and safety caused by overcrowding and generally unsanitary and unhealthy conditions.
“ The same considerations would apply to the rental of an apartment which was owner-occupied for a period of two years and became vacant on or after April 1, 1953 [Emergency Housing Rent Control Law, Section 2 (2) (h); Rent and Eviction Regulations, Section 9 (11)].”
Of course, as petitioner suggests, single-room occupancy by separate families was banned, and decontrol was allowed to continue only so long as there was single-family occupancy of an entire apartment, thereby discouraging the crowding of entire families into single rooms.
The question here is whether a landlord may rent such accommodations to two individuals who are unrelated and still avoid recontrol of the unit. If two unrelated individuals may occupy a unit, then it would seem that four or any number could similarly so occupy the premises.
It is the sharing of housing accommodations in the same manner as a rooming house that is barred by the regulation and in this connection a single individual can be considered a family unit. (Matter of Cioffi v. Temporary State Housing Rent Comm., 6 Misc 2d 720.) The motion is denied.