■ In the Matter of LILLIAN S. AGRESS, Respondent, v. FREDERIC S. BERMAN, as Department of Rent and Housing Maintenance Commissioner, Appellant.— In a proceeding pursuant to article 78 of the CPLR by the tenant of a dwelling apartment to review appellant's determination dated February 6, 1968, which reaffirmed the issuance of a certificate for the tenant's eviction, the appeal is from a judgment of the Supreme Court, Kings County, dated August 1, 1968, which annulled the determination and set aside the certificate of eviction. Judgment reversed, on the law, without costs; proceeding dismissed; and appellant's determination confirmed. No questions of fact have been considered. The landlords (husband and wife), together with an unmarried son and a married daughter and her husband, have been occupying the upper floor of the two-family building involved herein for many years. The landlords sought to evict the tenant from her five-room ground floor apartment for the use and occupancy of their married daughter and her husband. The daughter, a full-time student, uses the 8 foot by 16 foot porch of the landlords' apartment for her sleeping accommodations. At the time of the filing of the application for a certificate of eviction, the daughter's husband was employed in the Philadelphia area and commuted to New York City on weekends. The certificate was sought on the grounds that the son-in-law's employment was to be transferred to the New York City metropolitan area, that the living conditions in the landlords' apartment were inadequate due to overcrowding and dual-family occupancy, and that neither the landlords nor their son-in-law could afford to maintain the young couple in another separate apartment. On February 6, 1968, and after a hearing to adduce additional proof (necessitated by an order of remission in a prior article 78 proceeding), appellant reaffirmed his prior order denying the tenant's protest and granting the certificate of eviction. In our opinion, appellant's determination is amply supported by the record and should not have been disturbed. Respondent does not, in truth, dispute the finding that the son-in-law's transfer of employment was effectuated November 1, 1966, which was prior to the issuance of the order granting the certificate; nor does she deny that the daughter and son-in-law continually resided together in the landlords' apartment after such transfer. The findings of good faith and immediate and compelling necessity for recovery of respondent's apartment are also supported by substantial evidence in view of the undenied overcrowding and dual-family occupancy. Respondent's allegation of a purely retaliatory motive on the landlords' part is groundless on these facts. Furthermore, we do not believe that the son-in-law's subsequent induction into the armed forces on April 22, 1968 in any way deprives the married daughter of the right to have a home of her own. It is clear that where two or more generations or family units reside together in an overcrowded apartment without sufficient privacy, the immediate and compelling necessity required to support a certificate of eviction is shown (*Matter of Berger* v. *McGoldrick*, 133 N. Y. S. 2d 390; *Kohn* v. *City Rent & Rehabilitation Administration*, N. Y. L. J., Nov. 1, 1967, p. 19, col. 7). That such a family unit may consist of only one person and that such person is nevertheless entitled to have his own home is also clear (*Kohn* v. *City Rent & Rehabilitation Administration, supra* [22-year-old unmarried daughter]; *Matter of Gregna* v. *Weaver*, 7 A D 2d 750 [bachelor brother]; see, also, *Matter of Cioffi* v. *Temporary State Housing Rent Comm.*, 6 Misc 2d 720). Therefore,

under the circumstances obtaining here, the landlords' married daughter is manifestly entitled to the use and occupancy of the tenant's apartment under the outstanding certificate of eviction. Beldock, P. J., Christ, Rabin, Benjamin and Kleinfeld, JJ., concur.