QUESTION: Should a county property appraiser grant homestead exemption to both applicants when a married woman and her husband own two separate residences, both as tenants by the entireties, and the married woman is separated from her husband and living and making her permanent home in one of the residences and her husband is living and making his permanent home in the other and both timely filed for homestead exemption?
SUMMARY: A married woman and her husband may establish separate permanent residences without showing "impelling reasons" or "just grounds" for doing so. If it is determined by the property appraiser that separate permanent residences and separate "family units" have been established by the husband and wife and they are otherwise qualified, each may be granted homestead exemption from ad valorem taxation under Art. VII, s. 6, State Const. The fact that both residences may be owned by both husband and wife as tenants by the entireties will not defeat the grant of homestead ad valorem tax exemption to the permanent residence of each. Your question should, in my opinion, be answered in the affirmative. The "homestead exemption" from ad valorem taxation is provided by Art. VII, s. 6, State Const.: (a) Every person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner, or another legally or naturally dependent upon the owner, shall be exempt from taxation thereon, except assessments for special benefits up to the assessed valuation of five thousand dollars, upon establishment of right thereto in the manner prescribed by law. The real estate may be held by legal or equitable title, by the entireties, jointly, in common, as a condominium, or indirectly by stock ownership or membership representing the owner's or member's proprietary interest in a corporation owning a fee or a leasehold initially in excess of ninety-eight years. (b) Not more than one exemption shall be allowed any individual or family unit or with respect to any residential unit. . . . Considering the provisions of the homestead ad valorem tax exemption as contained in Art. X, s. 7, State Const. 1885, one of my predecessors in office expressed the opinion in AGO 0-899, Biennial Report of the Attorney General, 1939-1940, p. 449, that where a married woman has established a legal residence separate from her husband in the home which she owns and in which she lives, she would be entitled to the homestead exemption, and that would "not take away from the husband his rights to the exemption upon the property on which he lives and makes his permanent home." Accord: Attorney General Opinion 051-34, Biennial Report of the Attorney General, 1951-1952, p. 346, and AGO 052-158, id. at 347. It should be noted that each of these prior opinions considered as significant the fact that the establishment of a separate domicile by the wife was proper because the cohabitation of the husband and wife as husband and wife had come to an end, i.e., upon separation for purposes of divorce. See also AGO 063-9; compare AGO 047-389, Biennial Report of the Attorney General, 1947-1948, p. 193. However, the Florida Supreme Court, in its opinion in Judd v. Schooley, 158 So.2d 514
(Fla. 1963), rev'g 149 So.2d 587 (2 D.C.A. Fla., 1963), held that even though a married woman was living congenially with her husband, nonetheless it is legally possible for ". . . a married woman, in good faith, to claim a permanent home in Florida property even though her husband is legally domiciled elsewhere." The court further held ". . . that a showing of necessity to establish the separate abode is not essential to a showing of good faith under Article X, Section 7, supra. Id." (Emphasis supplied.) See also Ashmore v. Ashmore, 251 So.2d 15 (2 D.C.A. Fla., 1971), cert. dismissed, 256 So.2d 513 (Fla. 1972). In AGO 064-5, released shortly after the decision in Judd v. Schooley, supra, was rendered, my predecessor in office was asked whether both the husband and wife, each owning separate dwelling houses, could be granted homestead ad valorem tax exemptions. It was expressly presumed that . . . the wife resides in her dwelling, the husband residing in his dwelling, each alone, during periods of time, while at other periods of time they reside together in the husband's dwelling, and at still other periods of time they reside together in the wife's dwelling. Considering "the facts and circumstances surrounding the question" presented, my predecessor expressed the opinion that the question should be answered in the negative — that both could not be "granted homestead tax exemption on dwelling houses maintained by each of them merely because they spend a large part of the time in their separate dwelling houses." Id. Under the facts considered therein, it is still my opinion that it would be improper to grant homestead tax exemption to both the husband and the wife, because the requirement of Art. VII, s. 6(a), State Const., that the respective homesteads must be the "permanent residence of the owner" is not satisfied as to both the husband and the wife. However, any implication in AGO 064- 5, supra, that both the husband and wife could not qualify merely because there were no "impelling reasons for separate residences and domiciles" is hereby receded from. As stated by the court in Judd v. Schooley, supra: . . . Indeed, the rule was as Milton expressed it in Paradise Lost, Book X, Line 195: "And to thy husband's will Thine shall submit; he over thee shall rule." However, we have traveled a long way since Milton, as every husband knows. We deem it unnecessary to continue to cloud the law with the mist of an out-moded fiction that has been dispelled by the light of present-day realities. [(See) 158 So.2d at 516.] See also Ashmore v. Ashmore, supra; Marshall v. State, 301 So.2d 477 (1 D.C.A. Fla., 1974); Art. X, s. 5, State Const.; and ss. 708.08 and725.07, F.S. Cf. AGO 063-47 where the opinion was expressed that an unmarried minor, whose disabilities of nonage have not been removed, is unable to establish permanent residence separate and apart from that of his or her parents. If both the husband and wife have established separate domiciles and residences, Art. VII, s. 6(a), State Const., requires only that the owner "maintain thereon the permanent residence of the owner." The Legislature has defined the words "permanent residence" in s. 196.051, F.S., and the question of whether a person is maintaining his or her permanent residence on certain property is, within the above statutory guideline, a question of fact to be determined in the first instance by the property appraiser. Attorney General Opinions 058-329, 069-37, 072-154, and 074-115. The property appraiser is thus limited to a determination of whether separate residences have in law or in fact been established, not whether there are impelling reasons, AGO 064-5, supra, or just grounds, AGO 051-34, supra, for the separate residences, and a determination that the property is the permanent residence of the owner. The fact that both of the residences under consideration herein are owned by both the husband and the wife as tenants by the entireties would not defeat the grant of homestead ad valorem tax exemption to the permanent residence of each. Compare, AGO's 0-899, supra, where the husband and wife each had separate ownership of their respective homestead properties, with AGO 051-34, supra, where the ownership of the separate homestead properties was not considered, and AGO 052-158, supra, where it was stated that "[t]he wife must be the owner of the property claimed by her as a homestead." Article VII, s. 6(a), State Const., expressly provides that the homestead property may be held by the entireties. Additionally, I have previously expressed the opinions that "[b]oth husband and wife are natural persons and each is therefore entitled to recognition as a property owner with respect to the interest in a tenancy by the entirety," AGO 071-143. Section 6(b) of Art. VII, State Const., presents an additional factor which must be considered here also. That section provides, in pertinent part, that "[n]ot more than one exemption shall be allowed any . . . family unit. . . ." The question thus arises as to whether a husband and wife who have each established bona fide separate permanent residences, but who are still married, still constitute one "family unit" within the purview of Art. VII, s. 6(b). The provisions in Art. VII, s. 6(b), State Const., restricting the homestead ad valorem tax exemption to one per family unit appears for the first time in the 1968 revision; the 1885 Constitution, Art. X, s. 7, contained no such limitation. The proposed revision of the Constitution drafted by the revision commission originally recommended the words "married couple," but it was changed and ultimately enacted and ratified as family unit. See "Commentary" to Art. VII, s. 6(b), by Talbot "Sandy" D'Alemberte, 26A F.S.A. 112. It has been held that a single individual could be considered a family unit. Dandridge v. Gabel,261 N.Y.S.2d 371, 373. In Solomon v. Davis, 100 So.2d 177 (Fla. 1958), the Florida Supreme Court quoted with approval the finding of the trial court that, with regard to a married woman living with her husband, "[h]er household would exist as a family unit, regardless of her marital status, and regardless of the presence or absence of a husband in the home. . . ." (Emphasis supplied.) Cf. AGO 071-269 in which I expressed the opinion that where the husband and wife are joint owners of a single residence, they would not be entitled to two homestead exemptions because "there would not appear to be separate residential or family units." Additionally, Art. VII, s. 6(a), State Const., provides the homestead exemption to "[e]very person" who is otherwise qualified, and again, the legal fiction that a woman's identity disappears or merges with that of her husband's upon marriage is no longer of any efficacy in Florida. Ashmore v. Ashmore, supra; see also Art. X, s. 5, State Const. It is my opinion, pending judicial or legislative clarification otherwise, that upon establishment of separate, bona fide permanent residences, the husband and wife may also establish separate family units so that Art. VII, s. 6(b), supra, would not preclude granting homestead ad valorem tax exemption to the permanent residence of each. Initially, it is my opinion that, as in considering whether the wife has established a residence separate from her husband's, it is not essential that the husband and wife be "legally separated" in determining whether they have also established separate family units, for the marriage relationship continues to exist even though the husband and wife may be legally separated, AGO 071-228. However, if one spouse should continue to maintain the home of the other, such as by making the payments on the mortgage, and for insurance and taxes, it would appear that the spouses under such circumstances have not established separate family units. See AGO 070-154. The burden is, of course, on the applicants to demonstrate that they have established separate family units, for Article VII, Section 6, of the Constitution of the State of Florida, F.S.A., does not establish an absolute right to a homestead exemption. Rather, it clearly provides that taxpayers who otherwise qualify shall be granted an exemption only "upon establishment of right thereto . . . ." [Horne v. Markham,288 So.2d 196, 199 (Fla. 1973).]