■ In the Matter of LAURA OGNIBENE, Appellant, v DANIEL W. JOY, as Commissioner of the New York City Housing and Development Administration, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent commissioner, dated April 9, 1975, which, after a hearing, affirmed an order of the District Rent and Rehabilitation Director, which granted a certificate of eviction authorizing the respondent landlords to pursue their remedies at law to evict petitioner from her apartment, petitioner appeals from so much of a judgment of the Supreme Court, Kings County, entered September 19, 1975, as dismissed the proceeding. Judgment affirmed insofar as appealed from, without costs or disbursements. The respondent landlords established that they seek in good faith to recover possession of petitioner's apartment, "because of immediate and compelling necessity", for the use of their two sons (see Rent, Eviction and Rehabilitation Regulations of the Housing and Development Administration, § 55; *Matter of Agress v Berman,* 32 AD2d 654). Gulotta, P. J., Martuscello, Latham, Cohalan and Shapiro, JJ., concur.

■ In the Matter of ROLAND SAINT PIERRE, Petitioner, v LONG ISLAND RAILROAD Co. et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated May 8, 1975, which affirmed an order of the Commissioner of the State Division of Human Rights, dated April 29, 1974, which, after a hearing, dismissed petitioner's complaint alleging an unlawful discriminatory practice relating to employment because of race and color. Determination confirmed and petition dismissed on the merits, without costs or disbursements. The record in this proceeding fails to support petitioner's allegations. Hopkins, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.

■ In the Matter of SAKS & COMPANY, Respondent, v BOARD OF ASSESSORS OF NASSAU COUNTY, Appellant.—In consolidated proceedings to review assessments of certain real property for the tax years 1964 through 1973, the Board of Assessors of the County of Nassau appeals from so much of a final order of the Supreme Court, Nassau County, entered May 9, 1974, as reduced the assessed valuation of petitioner's real property for the tax years 1967 through 1973. Final order affirmed insofar as appealed from, with costs. The reductions in the assessed valuations of petitioner's property for the tax years in question were proper for the reasons stated in the opinion of Mr. Justice HOGAN at Special Term. Hopkins, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.