CARROLL, DONALD K„ Acting Chief Judge.
The respondent in an adoption proceeding has appealed from a final judgment entered by the Escambia County Court of Record, denying the adoption but granting a change of the subject child’s surname from that of the respondent to that of the petitioner.
*536 The sole question presented for our determination in this appeal is whether the said court erred in changing the name of the child sought to be adopted when the court denied the adoption petition.
During the marriage of the respondent-appellant, Roy D. Arnett, and Betty Lou Arnett had two children, one of whom is Cynthia. The Arnetts were divorced, Betty being awarded custody of the two children. She remarried in the following year, marrying William R. Matthews, Jr., the petitioner-appellee.
In September of 1970 Matthews filed his petition to adopt Cynthia, a minor child, asking that her name be changed to Cynthia Lou Matthews.
Following the final hearing on the petition, the court entered the final judgment appealed from herein, denying the petition for adoption but granting the prayer of the petition for change of the child’s name from Cynthia Lou Arnett to Cynthia Lou Arnett Matthews, and this appeal followed.
The statutory provision directly involved in this appeal is Sec. 63.131, Florida Statutes, F.S.A., which reads with reference to adoption proceedings:
“Final judgment. — On hearing if it appears that petitioners are fit and proper persons to adopt the child and that the best interests of the child will be promoted by the adoption, and that the child is suitable for adoption by petitioners, the court shall enter a final judgment on declaring the child legally the child of petitioner or petitioners and giving the child the name by vuhich it shall thereafter be known ; otherwise, the court shall dismiss the petition or continue the hearing for further investigation and consideration.” (Emphasis supplied.)
The phrase emphasized above authorizing the change of name is, we think, applicable only when the petition for adoption is granted, not when the petition is denied.
Furthermore, as stated in 1 Fla.Jur., Adoption, Sec. 2, page 481, “the change of name which frequently accompanies adoption is more an incident than an object of the proceeding.”
The serious nature of a change of a child’s name was stressed by the District Court of Appeal, Third District of Florida, in Lazow v. Lazow, 147 So.2d 12 (Fla.App.1962), that court saying:
“To change the name of a minor son so that he no longer bears his father’s name is a serious matter, and such action may be taken only where the record affirmatively shows that such change is required for the welfare of the minor. Society has a strong interest in the preservation of the parental relationship.

In the case at bar we do not find that the record affirmatively shows that a change of name is needed for the welfare of the minor child.
The only case cited by either of the parties in this appeal that involves a situation closely analogous to that in the case at bar is the decision of the St. Louis, Missouri Court of Appeal in In re Thomas, 416 S.W.2d 52 (Mo.App.1967), in which the lower court had denied the adoption but granted a change of name. The Missouri appellate court said:
“The primary action involved in the instant proceeding is that of adoption of the minor children named in the petition and incidental thereto, the court is authorized, as a part of its decree, to change the names of the persons sought to be adopted according to the prayer of the petition. The object of the proceeding is not to change the names of the children involved, but was to effect the adoption of said children and that, upon adoption, the names may be changed. It logically follows that a decree of adoption must accompany or precede any order of the court in an adop *537 tion proceeding before the name of the person sought to be adopted may be changed.”
In view of the above statute and decisional authorities, we hold that the court erred in ordering the change of the child’s name in the judgment appealed from herein, so that judgment must be, and it is, reversed and the cause is remanded with directions for further proceedings consistent with the views hereinabove set forth.
Reversed and remanded with directions.
RAWLS and JOHNSON, JJ., concur.