301 So.2d 477 (1974)
Linda Christine LaSeur MARSHALL, Appellant,
v.
STATE of Florida, Appellee.
No. T-412.
District Court of Appeal of Florida, First District.
October 15, 1974.
Stewart E. Parsons, Tallahassee, for appellant.
No appearance for appellee.
JOHNSON, Judge.
Appellant, a married woman, filed a petition with the Leon County Circuit Court seeking to establish her maiden or birth name as her legal name even though she continued her marriage with her husband. After an amended petition was filed, the trial court entered an order denying the petition, finding that:
"Petitioner is a married woman and intends to remain married and living with her husband who will continue using his surname of Marshall. This the Court finds could be misleading and is contrary to public policy. There are enumerable cases holding that a married woman's name is that of her husband."
We reverse. There is nothing in Florida Statutes, § 62.031 which prohibits a married woman from establishing her birth name as her legal name even though her *478 marriage relationship continues. We do not find such a change of name to be misleading or contrary to public policy, so long as the statistical data required by the statute is given, as well as a verification that the petition is not being filed for ulterior or illegal purposes nor will the change of name invade the property rights of others.[1]
While we hereby hold that the appellant has a legal right to change her name, we do find that the petition should be amended to more specifically provide the statistical data required by F.S. § 62.031. For example, § 62.031(2)(e) requires the petition to show the petitioner's occupation and where petitioner is employed. The present petition merely states that petitioner is by education and training a neuro-histologist and that her only place of employment in the past five years has been at Florida State University. Also § 62.031(4) requires the Clerk, upon the filing of a final judgment, to file a report giving sufficient information to identify the original birth certificate of the petitioner. In a county as large as Cook County, Illinois, this could more easily be accomplished by attaching to the petition a copy of the petitioner's birth certificate or at least the number thereof.
In conclusion, we reverse the trial court's order denying the petition and remand this cause for further proceedings consistent with the views expressed herein.
Reversed and remanded.
SPECTOR, Acting C.J., concurs.
BOYER, J., specially concurring.
BOYER, Judge (concurring specially).
Although I am philosophically opposed to that which the petitioner is seeking to accomplish, I nevertheless most reluctantly concur in the opinion of the majority. However, I do so only because it appears that the legislature has specifically anticipated such a proceeding by its passage of Florida Statute 62.031(2)(c). That statute clearly provides for the change of name of married persons. When construing that statute with Florida Statute 62.031(5) it becomes apparent that the former anticipates the change of name of one married person without the necessity of the changing of the name of his or her spouse.
It seems to me that this procedure is but another step toward destruction of the family, the basic unit in our society. However, matters of public policy are uniquely the prerogative of the legislature in promulgating legislation and once that branch of government has determined the public policy, we as a separate coordinate branch are without authority to determine otherwise.
In the case sub judice no reason appears for the denial of the petition except that apparently the trial judge disagreed with the wisdom of the statute. (As do I.) However, as above stated, the logic or wisdom of a particular statute is not within the province of the courts to determine, so long as it meets the test of constitutionality which has not been here assailed.
The common law rule is that a married woman legally takes the surname of her husband. (Kidd v. Rasmus, Tex.Civ.App., 1955, 285 S.W.2d 415) Also, at common law, one's name could be changed without resort to legal proceedings. (Marshall v. Marshall, 1957, 230 Miss. 719, 93 So.2d 822) In Petition of Hauptly, Ind. App.3rd 1973, 294 N.E.2d 833, the Appellate Court of Indiana affirmed an order of the Circuit Court denying a petition of a wife, who had lived with her husband and had assumed his surname, to change her name. *479 However, the Indiana Statutes conspicuously omit a counterpart to Florida Statute 62.031(2)(c). Further, in that case the writer of the opinion carefully emphasized that there was no contention that the petition was denied solely or primarily because petitioner was a married female. In the case sub judice it is apparent that such was in fact the primary consideration and foundation of the order of the trial judge.
I think it important that we here note that we are not called upon to decide whether it is requisite that upon marriage a wife assume the surname of her husband. That issue is not before us.
Although I am sympathetic to the thinking of the trial judge, it does appear that in light of the act of our legislature specifically providing for change of name of married persons, he abused his discretion in denying the petition in this particular case. Were the evidence such as to sustain a finding that the change of name was sought for any unlawful, nefarious or ulterior reason I would hold contra.
NOTES
[1] We note in passing the popular usage of the term "Ms.", the retention by many women of their former husband's surname after the marriage is terminated, and the use of a name other than the husband's surname by many public figures. A name does not necessarily indicate a status in life, and therefore it is difficult to understand how it could be misleading or against public policy.