302 So.2d 440 (1974)
STATE of Florida, DEPARTMENT OF REVENUE, Appellant,
v.
McCOY MOTEL, INC., a Florida Corporation, Appellee.
No. V-89.
District Court of Appeal of Florida, First District.
October 31, 1974.
*441 Robert L. Shevin, Atty. Gen., and J. Kendrick Tucker, Asst. Atty. Gen., for appellant.
Bobby G. Wombles, Icardi & Wombles, Winter Park, for appellee.
McCORD, Judge.
This is an appeal from a final judgment entered in favor of appellee, McCoy Motels, Inc. (plaintiff below) upon motions for summary judgment by both parties. The trial court held that a certain portion of a promissory note was not an obligation to pay and that said portion of the note was not taxable under § 201.08(1), Florida Statutes, because the tax on that portion has already been paid. Appellant, State of Florida, Department of Revenue, (defendant below) contended in the trial court and contends here that the documentary stamp tax required by said § 201.08(1), supra, was payable on the full amount of the note.
By a mortgage promissory note of May 15, 1972, hereinafter referred to as "first note", appellee promised to pay the sum of $1,850,000 to Keyes-Penn Mortgage Company, plus interest. Documentary stamp taxes based on the full amount of this note were paid. Keyes-Penn Mortgage Company then assigned an undivided 67.57% interest in said note to the Monumental Life Insurance Company and an undivided 32.43% interest to the Volunteer State Life Insurance Company. Thereafter, appellee gave a note dated September 28, 1972. hereinafter referred to as "second note" to Alison Mortgage Investment Trust by which it promised to pay Alison the sum of $3,500,000 plus interest. Alison further agreed to pay to Monumental Life Insurance Company, the payee of the first note, the monthly payments on the first note when they became due. Alison agreed to this procedure only so long as the principal sum remained outstanding, or appellee was not in default under the terms of either the first or second note or their corresponding mortgages. Both the first and second notes were secured by mortgages on the same property. The Alison mortgage note is a type of financial arrangement known as a "wrap-around" mortgage. The Alison mortgage provides that the total indebtedness represented by the second note includes the amount of the first note. This arrangement enables appellee to make a single monthly payment on its total indebtedness with Alison transmitting therefrom as the appointed agent and attorney-in-fact for appellee the amounts due the payee under the first note.
Appellee paid documentary stamp taxes on only $1,650,000 of the second note, contending that it had previously paid the tax on the remaining $1,850,000 of the second note when it paid the tax on the first note. Appellant contended otherwise and sent appellee a notice of assessment of tax under Ch. 201, Florida Statutes, indicating that appellee owed documentary stamp taxes on the full amount of the second note, less the $1,650,000 paid on it. Appellee then brought suit for declaratory and injunctive relief against appellant.
Appellee contends that the second note incorporated the first note and that the second note was in part merely a substitution for the first note and therefore constituted an exempt renewal note within the meaning of § 201.09, Florida Statutes. The trial court rejected appellee's contention but found that the portion of the second note allegedly representing the first note ($1,850,000) was simply "not an obligation to pay that amount but was merely a contractual agreement where certain monies were to be paid through the mortgagee to the holder of the first mortgage..." It ruled that the portion of the *442 second note allegedly representing the first note ($1,850,000) was not taxable under § 201.08(1), Florida Statutes, "in that the tax due on that amount had already been paid."
The trial court was in error. The second note by its terms is an obligation to pay the full amount of $3,500,000 plus interest.
The taxes imposed by the documentary stamp tax statute on promissory notes and written obligations to pay (Ch. 201, Florida Statutes) are excise taxes on the documents themselves and not upon the transaction contemplated by the documents. Choctawatchee Elect. Co-op., Inc. v. Green, Fla., 132 So.2d 556, cert. den., 369 U.S. 829, 82 S.Ct. 844, 7 L.Ed.2d 794, and Maas Brothers, Inc. v. Dickinson, Fla., 195 So.2d 193. The liability to pay the documentary stamp tax, as well as the amount of the tax, is to be solely determined by the form and face of the instrument and not by proof of extrinsic facts. Metropolis Pub. Co. v. Lee, 126 Fla. 107, 170 So. 442; Choctawatchee Elect. Co-op., Inc. v. Green, supra.
Section 201.08(1), supra, provides as follows:
"201.08 Tax on promissory notes, written obligations to pay money, assignments of wages, etc. 
(1) On promissory notes, non-negotiable notes, written obligations to pay money, ... and for each renewal of the same on each one hundred dollars of the indebtedness or obligation evidenced thereby, the tax shall be fifteen cents on each one hundred dollars or fraction thereof ..."
The tax is levied on promissory notes, written obligations to pay money and for each renewal of same. By the second note, appellee, for value received, obligated itself to pay $3,500,000 plus interest to the payee. It specifically provides for an initial interest payment of $16,500 and thereafter interest payments of $8,250 per month and principal payments of $16,172.08 per month until the full $3,500,000 of the second note is paid in its entirety. The payee in turn obligates itself to pay off (from the payments described above) the first note if appellee is not in default under the terms of the first and second notes or mortgages securing same, and so long as the principal sum remains outstanding. In case of default by appellee in payment of the principal sum of $3,500,000 of the second note, then the entire principal amount of the second note shall, at the option of the holder, become due and collectible. The second note is clearly a promissory note and a written obligation to pay the full amount of $3,500,000 plus interest. The obligation is not in any manner executory, contingent or conditional, and, thus, fits the terms of the taxing statute, § 201.08(1), supra. While the second note contains an agreement that certain monies are to be paid through the mortgagee to the holder of the first mortgage, such does not change the character of the second note as a promise to pay to the holder the sum of $3,500,000.
Appellee contends and the trial court ruled that the full amount of the second note was not taxable because the tax due on $1,850,000 of it had already been paid by payment of the tax on the first note in that amount. Stated another way, appellee contends that if a portion of the obligation of a promissory note has already been subjected to a documentary stamp tax by another promissory note at some other time and place, then such portion is exempt from stamp taxation. This, however, ignores the requirement of § 201.08(1), supra, that the tax be paid on renewal notes. The tax is payable regardless of whether or not a part or all of the obligation of a renewal note was subjected to the stamp tax in the original note unless the renewal note comes within the terms of § 201.09, Florida Statutes, which we will discuss further below. Section 201.08(1), supra, taxes all promissory notes, obligations to *443 pay and renewals of same. The fact that the document incorporates a preexisting promise to pay is not controlling as to its taxability so long as the pre-existing promise to pay is part of the legally enforceable obligation of the document, unless, as aforesaid, it falls within the exemption of § 201.09, supra. That statute provides as follows:
"201.09 Renewal of existing promissory note; exemption.  When any promissory note is given in renewal of any existing promissory note, which said renewal note only extends or continues the identical contractual obligations of the original promissory note and evidences part or all of the original indebtedness evidenced thereby, not including any accumulated interest thereon and without enlargement in any way of said original contract and obligation, such renewal note shall not be subject to taxation under this chapter if such renewal note has attached to it the original promissory note with canceled stamps affixed thereon showing full payment of the tax due thereon." (Emphasis supplied)
To rule that a note which includes the obligation of another note (and does not fall within the exemption of § 201.09, supra) is exempt from the tax would fly in the face of the very terms of the statute which taxes renewal notes  § 201.08(1), supra. It was clearly the legislative intent of § 201.08(1), supra, to tax a renewal note for the full amount of the obligation if it included the obligation of another note and was not covered by the exemption of § 201.09, supra. Here the second note obviously enlarged the obligation of the first note, is therefore not exempt under § 201.09, supra. and is therefore taxable for the full amount of its obligation  $3,500,000.
Appellee cites opinions of the Attorney General of Florida in support of its argument that a tax is not due on that portion of the obligation which includes the obligation of the previous note, but these opinions do not deal with situations such as that presented here. They relate to renewal notes which come within the exemption of § 201.09, supra  second notes which do not increase the obligation of the original note (or notes) and which are renewed by the second note. In the case sub judice, as heretofore stated, the second note not only encompasses the obligation of the original note but increases it. It does not merely "extend or continue the identical contractual obligations" of the first note, but enlarges it.
Appellee contends that under the ruling of one of the Attorney General's opinions which it cites, it could have negotiated a loan of $1,650,000 with Alison, could have executed a promissory note therefor and paid the documentary tax on only the $1,650,000. It argues that had it done so and thereafter executed a single note in place of that note and the second note, without changing the terms and conditions of the two notes, it could not be argued that a documentary tax was due on the substituted note. It contends that the procedure adopted by it in the instant case achieved the same result and therefore should be taxed only on the amount of the increased obligation. We make no ruling on the legal effect of the hypothetical transaction posed by appellee as such case is not before us, but even if the result under the hypothetical transaction presented by appellee is as appellee states, such contention is without merit in relation to the case sub judice. We may not concern ourselves with what might have been had appellee handled this transaction in a different way. Appellee evidently had a reason for handling the transaction as it did. The Supreme Court, in response to a similar contention in North American Company v. Green, Fla., 120 So.2d 603, said:
"We are not privileged to make the taxability of a transaction dependent upon any consideration of some alternative procedure which might not have been taxable."
Reversed and remanded for the entry of a judgment comensurate with this opinion.
*444 SPECTOR, Acting C.J., concurs.
BOYER, J., concurs specially.
BOYER, Judge (specially concurring).
I reluctantly concur with the reasoning and conclusion above announced. "Wraparound" mortgages are a reality in present day large intricate financing arrangements. There is no logical nor reasonable basis for discriminatory taxation. "Wraparound" mortgages are not, in my view, proper subjects for discouragement. The result here reached is, unquestionably, unfair and unjust; however, until the Legislature, in its wisdom, changes the law we, as an appellate court, have no authority to do so. (See Marshall v. State, Fla.App. 1st 1974, 301 So.2d 477).