RAWLS, Judge.
We are here confronted with a documentary stamp tax assessment by appellant, Department of Revenue. The following factual situation was given as an example and agreed upon by the parties:
A borrows $10,000 from the bank. A signs a promissory note for $10,000 and affixes documentary stamps thereto representing the full $10,000.
Subsequently, A borrows an additional $5,000 from the bank. A signs a promissory note for $15,000 — the amount of the $15,000 representing the original borrowed amount of $10,000 plus the newly borrowed amount of $5,000. The bank attaches the old note for $10,000 to the new note and A affixes documentary stamps representing the $5,000 increase.
The trial court held that the renewal portion of the example note was not subject to documentary stamp taxation, since it fell within the exemption provisions of Section 201.09, Florida Statutes; hence this appeal by the Department of Revenue.
In a well-reasoned opinion the trial court stated:
“. . . Plaintiff and Intervening Plaintiff [appellees] are national banking associations engaged in, among other things, the loaning of money pursuant to execution of a promissory note. In the course of dealing with Plaintiffs’ customers, additional monies would be loaned over and above the amount previously borrowed for which the proper amount of documentary stamp taxes were paid. *85 The first transaction is not at issue here. The problem arises when the first loan is renewed and the amount of the loan is increased. The practice of Plaintiffs has been to execute a single promissory note representing the total indebtedness and affixing thereto documentary stamps representing only the amount of the increase and attaching the prior note which is stamped renewed.
4. The Defendant Florida Department of Revenue [appellant] assessed Plaintiffs for documentary stamp taxes and penalties on these notes on the ground that the renewal notes did not fall within the exemption for renewal notes contained in Section 201.09, Florida Statutes. Plaintiffs filed suit for declaratory judgment as to the validity of the tax assessment and the penalty. Section 201.09, Florida Statutes, provides in part as follows:
Renewal of existing promissory note; exemption. — When any promissory note is given in renewal of any existing promissory note — such renewal note shall not be subject to taxation under this chapter if such renewal note has attached to it the original promissory note with canceled stamps affixed thereon showing full payment of the tax due thereon.
The Department of Revenue’s Regulation 12A-4-54 entitled ‘Exempt Transactions’ in sub-paragraph (d) is as follows:
Tax is due on additional advances, whether or not such additional advances increase the current obligation beyond the original mortgage, and promissory notes used in connection with the original obligation and the additional advances are taxable.
This regulation by the Department of Revenue could reasonably cause the taxpayer to believe that additional advances are taxable but that the existing indebtedness is not again taxed in order to comply with the Florida Statute 201.09. In the present case, taxes were paid on the additional advances as well as on the original notes and since the notes had the same maker and the same payees, the taxpayer would be put in the position of paying double taxation on the entire indebtedness if the Department of Revenue prevailed. Every taxpayer should pay his taxes but no taxpayer should be required to pay double solely because of a procedural requirement.
It is clear that the intent of the legislature in enacting Florida Statute 201.09 was to exempt renewal notes from taxes. Since the taxes have been paid on the original note and have been paid on the addition to the original note, the taxpayer has fully met his tax obligation to the State.
The Court is of the opinion that the case of State of Florida, Department of Revenue v. McCoy Motel, Inc., 302 So.2d 440 [Fla. 1st DCA 1974], is distinguishable from the facts in this case and is not controlling. The notes in each instance under consideration in this case involved identical payees with additional advances to such payee. The McCoy case dealt with consideration of a wrap-around mortgage involving different payees. . ."
We agree with the reasoning of the trial court and that the McCoy case is so distinguishable.
We further note that appellees’ position is in accordance with Attorney General Opinion 063-141 rendered to a former Comptroller of the State of Florida, the purpose of which opinion was the guidance of the state in determining the tax status of just such obligations as here involved.
Since appellant urges that the trial court failed to quote that portion of F.S. 201.09 which requires that the entire obligation sub judice be taxed, we quote the statute in toto:
“201.09 Renewal of existing promissory note; exemption. When any promissory note is given in renewal of any existing promissory note, which said renewal note only extends or continues the identical contractual obligations of the original promissory note and evidences part or all of the original indebtedness evidenced thereby, not including any accumulated *86 interest thereon and without enlargement in any way of said original contract and obligation, such renewal note shall not be subject to taxation under this chapter if such renewal note has attached to it the original promissory note with canceled stamps affixed thereon showing full payment of the tax due thereon.”
Upon a careful examination of the statute it becomes readily apparent that the $10,000 portion of the stipulated example is a “renewal note” which does nothing more than extend or continue “the identical contractual obligation of the original promissory note” and that it “evidences part or all [all, in this stipulated example] of the original indebtedness.” It is also apparent that, as to the original debt, there is no “enlargement in any way of said original contract and obligation.” It therefore necessarily follows that the renewal portion of “such renewal note shall not be subject to taxation” under Chapter 201 F.S. because, as the example recites, there is attached to the renewal note “the original promissory note with canceled stamps affixed thereon showing full payment of the tax due thereon.”
Pursuant to Fla.App. Rule 2.1, subd. a (5)(b) we certify that this decision passes upon a question of great public interest.
AFFIRMED.
BOYER, J., concurs.
McCORD, C. J., dissents.