McCORD, Chief Judge,
dissenting.
After reciting the factual situation, the majority opinion quotes the opinion of the trial court as stated in the trial court’s judgment. The fallacy of the trial court’s reasoning is revealed in that portion of § 201.09, Florida Statutes, which is omitted from the trial court’s opinion. I quote the statute in full as follows and underline the portion which was omitted from the trial court’s opinion.
“Renewal of existing promissory note; exemption. When any promissory note is given in renewal of any existing promissory note, which said renewal note only extends or continues the identical contractual obligations of the original promissory note and evidences part or all of the original indebtedness evidenced thereby, not including any accumulated interest thereon and without enlargement in any wav of said original contract and obligation, such renewal note shall not be subject to taxation under this chapter if such renewal note has attached to it the original promissory note with canceled stamps affixed thereon showing full payment of the tax due thereon.”
When we apply the statute, without omitting the underlined portion above, to the factual situation as stated initially in the majority opinion, it is crystal clear that the $15,000 renewal note given in lieu of the $10,000 note is not covered by the exemption. It does not only extend or continue the identical contractual obligations of the original promissory note without enlargement in any way of said original contract and obligation. It clearly enlarges the obligation from $10,000 to $15,000, and thus the exemption does not apply. Since the wording of the statute is not ambiguous, there is no basis for resolving an ambiguity. We are not privileged to judicially legislate by amending the clear words of the statute.
The ruling in the case sub judice should be controlled by our opinion in State, Department of Revenue v. McCoy Motel, Inc., 302 So.2d 440 (Fla. 1 DCA 1974), where we said:
“To rule that a note which includes the obligation of another note (and does not fall within the exemption of § 201.09, supra) is exempt from the tax would fly in the face of the very terms of the statute which taxes renewal notes — § 201.08(1), supra. It was clearly the legislative intent of § 201.08(1), supra, to tax a renewal note for the full amount of the obligation if it included the obligation of another note and was not covered by the exemption of § 201.09, supra. Here the second note obviously enlarged the obligation of the first note, is therefore not exempt under § 201.09, supra, and is therefore taxable for the full amount of its obligation — $3,500,000.
*87 Appellee cites opinions of the Attorney General of Florida in support of its argument that a tax is not due on that portion of the obligation which includes the obligation of the previous note, but these opinions do not deal with situations such as that presented here. They relate to renewal notes which come within the ex: emption of § 201.09, supra — second notes which do not increase the obligation of the original note (or notes) and which are renewed by the second note. In the case sub judice, as heretofore stated, the second note not only encompasses the obligation of the original note but increases it. It does not merely ‘extend or continue the identical contractual obligations’ of the first note, but enlarges it.
Appellee contends that under the ruling of one of the Attorney General’s opinions which it cites, it could have negotiated a loan of $1,650,000 with Alison, could have executed a promissory note therefore and paid the documentary tax on only the $1,650,000. It argues that had it done so and thereafter executed a single note in place of that note and the second note, without changing the terms and conditions of the two notes, it could not be argued that a documentary tax was due on the substituted note. It contends that the procedure adopted by it in the instant case achieved the same result and therefore should be taxed only on the amount of the increased obligation. We make no ruling on the legal effect of the hypothetical transaction posed by appellee as such case is not before us, but even if the result under the hypothetical transaction presented by appellee is as appellee states, such contention is without merit in relation to the case sub judice. We may not concern ourselves with what might have been had appellee handled this transaction in a different way. Appellee evidently had a reason for handling the transaction as it did. The Supreme Court, in response to a similar contention in North American Company v. Green, Fla., 120 So.2d 603, said:
‘We are not privileged to make the taxability of a transaction dependent upon any consideration of some alternative procedure which might not have been taxable.’ ”
§ 201.08(1), Florida Statutes (1975), referred to in the above quotation, states as follows:
“On promissory notes, non-negotiable notes, written obligations to pay money, assignment of salaries, wages, or other compensation, made, executed, delivered, sold, transferred, or assigned in the state, and for each renewal of the same on each one hundred dollars of the indebtedness or obligation evidenced thereby, the tax shall be fifteen cents on each one hundred dollars or fraction thereof. Mortgages which incorporate the certificate of indebtedness, not otherwise shown in separate instruments, are subject to the same tax at the same rate.” (Emphasis supplied.)
I would reverse.