RAWLS, Judge.
Petitioners seek review of an order of the Department of Revenue assessing $2,700 as delinquent documentary stamp taxes on an instrument entitled “Amendment to Note and Mortgage” plus a penalty in like sum for a total amount of $5,400.
In November of 1973 petitioners executed a promissory note in favor of Commonwealth Corporation in the sum of $1,800,000 secured by a mortgage on real property located in Leon County, Florida. The note provided for monthly interest payments at varying rates as determined by a formula set forth in the note. The principal was due on or before November 1975. Documentary stamps in the proper amount were affixed to the note and canceled. The note was assigned by Commonwealth Corporation to Schumacher Mortgage Company, Inc., a Delaware corporation. In May of 1975 petitioners, makers of the note, executed a written instrument entitled “Amendment to Note and Mortgage” which provided, inter alia, that:
“The designation of the holder (or payee) of said promissory note is amended to read — ‘SCHUMACHER MORTGAGE COMPANY, INC., Memphis, Tennessee’. The principal sum of said note is amended to read — ‘$1,850,000.00’. The interest rate specified in said note and the repayment provisions are amended to read as follows ‘This note will bear interest at the rate of eleven 11% percent per annum. Said principal and interest to be paid as follows: Interest shall be paid monthly on the unpaid balance and shall be calculated on the basis of a 365 day year. Principal and any unpaid interest shall be declared payable on or before May 1, 1977.”
It was further provided in said instrument that an additional provision be added to and made a part of the subject promissory note as follows:
“At the option of the maker, and upon payment of the sum of $18,500.00 on or before the due date, the term of this note may be extended for a period of one year and shall then be due on or before May 1, 1978.”
The instrument also provided that except as therein modified, the terms and conditions of the original promissory note and mortgage should remain unchanged and in full force and effect.
*209 Petitioners paid $75.00 in documentary stamp tax representing the amount due on the $50,000 difference between the amount of the original note and the amended principal as reflected by the amendment.
On October 13, 1975 respondent Department of Revenue issued a proposed notice of assessment of tax and penalty against petitioners in the sum of $2,700 for documentary stamp tax alleged to be due under F.S. 201.08 plus a penalty of like amount pursuant to F.S. 201.17. An administrative hearing was held pursuant to F.S. 120.57. The hearing officer filed a recommended order concluding that neither the tax nor the penalty was properly assessed, concluding that the Amendment to the Note and Mortgage, although a contract, did not manifest any intention to discharge the original promissory note nor otherwise constitute a new promise to pay the original sum and that it was a written obligation to pay only insofar as the additional sum of $50,000 was concerned. The Department took exception to the hearing officer’s recommended order and entered a final order upholding the validity of its original assessment. Thereafter the Governor and Cabinet rejected the hearing officer’s proposed order and approved the order of the Department.
The Department seeks to rely on a prior decision of this court, State Department of Revenue v. McCoy Motel, Inc., 302 So.2d 440 (Fla. 1st DCA 1974). However, that case deals with a wrap-around mortgage in which a subsequent note was given in regular form for an amount greater than the first note with the holder of the second note agreeing to make payments under the first one. The note involved in that case, which we held to be subject to the tax, contained all of the requisites of a promissory note, specifically a promise to pay. The instrument upon which the Department seeks to impose the tax in the case sub judice contains no promise to pay. Indeed, it contains no promises at all. As the hearing officer stated, the clear language of the instrument reveals only the intent of the parties to amend the pre-existing obligation to pay.
In Maas Brothers, Inc. v. Dickinson, 195 So.2d 193 (Fla.1967), cited and relied upon by both parties, the Supreme Court of Florida said:
“In the same vein, it might be added that the marking and branding of the instruments to be taxed is a legislative function. The judicial function is to inspect disputed brands and to separate the taxable from the non-taxable, and if the instruments such as the one we are here concerned with are unbranded mavericks, the taxing authority must look to the legislature to brand them taxable; not this Court.” (195 So.2d at page 197)
[[Image here]]
“ * * * It is a fundamental rule of construction that tax laws are to be construed strongly in favor of the taxpayer and against the government, and that all ambiguities or doubts are to be resolved in favor of the taxpayer. This salutary principle is found in the reason that the duty to pay taxes, while necessary to the business of the sovereign, is still a duty of pure statutory creation and taxes may be collected only within the clear definite boundaries recited by statute, State ex rel. Seaboard Air Line R. Co. v. Gay (1948) 160 Fla. 445, 35 So.2d 403; 51 Am.Jur. Taxation Section 650.” (195 So.2d at page 198)
In accordance with the recitations above quoted we have carefully examined the instrument upon which the taxes sought to be imposed in the light of the specific wording of F.S. 201.08 in order to determine whether the instrument is “within the clear definite boundaries recited by the statute.” We find that it is not. The material portion of the statute provides as follows:
“On promissory notes, negotiable notes, written obligations to pay money, * * the tax shall be 15 cents on each $100 or fraction thereof. * * * ”
It is readily apparent that the subject instrument is not a note of any kind.
The fact that the subject instrument recited that the designation of the holder or payee was amended to read “Schumacher *210 Mortgage Company, Inc.,” is of no materiality since the same legal effect had already been accomplished by the assignment from the original payee.
The order of respondent here reviewed imposing the documentary stamp tax and penalty is quashed.
IT IS SO ORDERED.
McCORD, C. J., and MELVIN, J., concur.