SUNDBERG, Justice.
This is a petition for writ of certiorari to review a decision of the District Court of Appeal, First District, upon a question certified to be of great public interest concerning partial exemption of a renewal promissory note from documentary stamp tax under section 201.09, Florida Statutes (1975). State of Florida Department of Revenue v. Miami National Bank, 354 So.2d 84 (Fla. 1st DCA 1977). We have jurisdiction pursuant to article V, section 3(bX3), Florida Constitution.
On July 11, 1974, respondent Miami National Bank filed suit for declaratory judgment against petitioner Department of Revenue seeking a determination whether certain renewal notes were taxable in full pursuant to section 201.08(1), Florida Statutes (1975), or partially exempt under the provisions of section 201.09, Florida Statutes (1975). On April 1, 1975, respondent Southeast National Bank of Miami Springs was permitted to intervene in the action.
The parties stipulated to the following example of the transaction which precipitated petitioner’s documentary stamp tax assessment:
A borrows $10,000 from the bank. A signs a promissory note for $10,000 and affixes documentary stamps thereto representing the full $10,000.
Subsequently, A borrows an additional $5,000 from the bank. A signs a promissory note for $15,000 — the amount of the $15,000 representing the original borrowed amount of $10,000 plus the newly borrowed amount of $5,000. The bank attaches the old note for $10,000 to the new note and A affixes documentary stamps representing the $5,000 increase.
The trial court held that the original $10,-000 portion of the subsequent note fell within the exemption of section 201.09, Florida Statutes (1975), and hence was not subject to documentary stamp taxation.
'On appeal, the District Court of Appeal, First District, accepted the following rea- *2 soiling of the trial court and affirmed the judgment below:
“It is clear that the intent of the legislature in enacting Florida Statute 201.09 was to exempt renewal notes from taxes. Since the taxes have been paid on the original note and have been paid on the addition to the original note, the taxpayer has fully met his tax obligation to the State.
The Court is of the opinion that the case of State of Florida, Department of Revenue v. McCoy Motel, Inc., 302 So.2d 440 [Fla. 1st DCA 1974], is distinguishable from the facts in this case and is not controlling. The notes in each instance under consideration in this case involved identical payees with additional advances to such payee. The McCoy case dealt with consideration of a wrap-around mortgage involving different payees. . . "
354 So.2d at 85.
The question for our determination is whether the $15,000 note in the stipulated example, which represents both a renewal of the original obligation of $10,000 and an additional loan of $5,000, is subject in toto to a documentary stamp tax. For the following reasons we answer the inquiry in the affirmative.
The documentary stamp tax on promissory notes is assessed pursuant to section 201.-08(1), Florida Statutes (1975), which provides:
On promissory notes, nonnegotiable notes, written obligations to' pay money, assignment of salaries, wages, or other compensation, made, executed, delivered, sold, transferred, or assigned in the state, and for each renewal of the same on each $100 of the indebtedness or obligation evidenced thereby, the tax shall be 15 cents on each $100 or fraction thereof. Mortgages which incorporate the certificate of indebtedness, not otherwise shown in separate instruments, are subject to the same tax at the same rate. [Emphasis supplied.]
A limited exception to this tax on promissory notes is provided by section 201.09, Florida Statutes (1975):
When any promissory note is given in renewal of any existing promissory note, which said renewal note only extends or continues the identical contractual obligations of the original promissory note and evidences part or all of the original indebtedness evidenced thereby, not including any accumulated interest thereon and without enlargement in any way of said original contract and obligation, such renewal note shall not be subject to taxation under this chapter if such renewal note has attached to it the original promissory note with canceled stamps affixed thereon showing full payment of the tax due thereon. [Emphasis supplied.]
It is clear from a reading of these enactments that the legislature intended only to exempt renewal notes which do not enlarge the original indebtedness. Respondents’ attempted construction of the scope of the exemption afforded by section 201.09 ignores the plain language of that section as well as section 201.08(1). By its express terms section 201.08(1), Florida Statutes (1975), imposes a documentary stamp tax “[o]n promissory notes . and for each renewal of the same . . . . ” This straightforward and unambiguous declaration of the objects of documentary stamp taxation adopted in 1931[1] was followed in 1937[2] by equally clear language now appearing in section 201.09, Florida Statutes (1975), which provided exemption for a renewal promissory note which “only extends or continues the identical contractual obligations of the original promissory note . . . and without enlargement in any way of said original contract and obligation . . . .” (Emphasis supplied.) The present renewal note in the amount of $15,000 increased the original $10,000 note by $5,000. Consequently, the renewal portion of the note does not fall within the exemption provided by section 201.09, Florida Statutes (1975). This conclusion is supported by the title of *3 chapter 17890, Laws of Florida (1937), which act has been unchanged in substance in the forty-one years since its enactment. The title reflects that a renewal note is excepted from documentary stamp tax “when such renewal only extends or continues the identical contractual obligation of the original note and evidences part or all of but not more than the original indebtedness . . . .” (Emphasis supplied.)
Furthermore, we do not accept the conclusion of the district court that State of Florida, Department of Revenue v. McCoy Motel, Inc., 302 So.2d 440 (Fla. 1st DCA 1974), is distinguishable. It is true that McCoy dealt with a wrap-around mortgage involving different payees while the present case involves a single payee to whom an additional advance is made. However, the identity of the payees is not the controlling factor in determining whether a renewal note is subject in full to taxation. Rather, the decisive issue is whether the renewal note enlarges the amount of the original obligation. In McCoy the district court recognized this principle in finding that the full amount of the renewal note was subject to documentary stamp tax:
To rule that a note which includes the obligation of another note (and does not fall within the exemption of § 201.09, supra) is exempt from the tax would fly in the face of the very terms of the statute which taxes renewal notes — § 201.08(1), supra. It was clearly the legislative intent of § 201.08(1), supra, to tax a renewal note for the full amount of the obligation if it included the obligation of another note and was not covered by the exemption of § 201.09, supra. Here the second note obviously enlarged the obligation of the first note, is therefore not exempt under § 201.09, supra, and is therefore taxable for the full amount of its obligation — $3,500,000.
302 So.2d at 443.
Respondents submit that if the transaction in issue had involved three promissory notes instead of two, no additional taxes would have been due on the renewal note. Separate notes could have been made for the $10,000 and $5,000 loans. The $10,000 note would have qualified for the exemption as a pure renewal of the original $10,-000 obligation so long as the original note with documentary stamps affixed was attached to the renewal note. Only the note for $5,000 would have required new documentary stamps. Respondents suggest that the procedure utilized in the stipulated example achieved the same result and therefore only the amount of the increased obligation — $5,000—should be taxed. The opinion of the district court in McCoy is again germane:
We may not concern ourselves with what might have been had appellee handled this transaction in a different way. Ap-pellee evidently had a reason for handling the transaction as it did. The Supreme Court, in response to a similar contention in North American Company v. Green, Fla., 120 So.2d 603, said:
“We are not privileged to make the taxability of a transaction dependent upon any consideration of some alternative procedure which might not have been taxable.”
302 So.2d at 443. An application of sections 201.08(1) and 201.09, Florida Statutes (1975), to the transaction in question clearly requires taxation on the full amount of the renewal note. These enactments are unambiguous. Assuming the merit of respondents’ argument that the amount of documentary stamps required with respect to the transaction involved was predicated solely upon the manner in which the loans were memorialized, nonetheless, it is not the province of this Court to vary the clear legislative intent expressed in these provisions. If the citizens of Florida believe that sections 201.-08(1) and 201.09 result in elevating form over substance, the legislature is the proper forum in which to seek their amendment.
For the reasons herein stated, the petition for writ of certiorari is granted and the decision of the District Court of Appeal, First District, is quashed. Accordingly, this cause is remanded to the district court with directions to remand to the trial court for *4 proceedings not inconsistent with this opinion.
It is so ordered.
ENGLAND, C. J., and ADKINS, OVER-TON, HATCHETT and ALDERMAN, JJ., concur.
BOYD, J., dissents.

. Ch. 15787, Laws of Fla. (1931).

. Ch. 17890, § 1, Laws of Fla. (1937).