436 So.2d 401 (1983)
In re the Petition of Kerry Mack HOOPER, to Change Name.
No. 83-288.
District Court of Appeal of Florida, Second District.
August 19, 1983.
*402 Kerry Mack Hooper, Englewood, pro se.
Priscilla Ruth MacDougall, Madison, Wis., and James K. Green of Green, Eisenberg & Cohen, West Palm Beach, Florida Association of Women Lawyers, amicus curiae for appellant.
LEHAN, Judge.
Petitioner Kerry Mack Hooper appeals from an order of the circuit court denying her petition for a change of name which sought to have her birth-given name reinstated in place of her former husband's surname which she had retained at the time of the dissolution of her marriage. We reverse.
The uncontested petition for change of name was sworn to and the following allegations were acknowledged as being true: Petitioner has been a bona fide resident and domiciliary of Charlotte County, Florida, since June 17, 1982. Petitioner was born to Kenneth and Catherine Mack on November 16, 1943, in New York City. On June 8, 1962, petitioner's name was changed from Mack to Adcock as a result of her marriage to Thomas Adcock in St. Petersburg, Florida. Her name was changed back to her birth-given name by final decree of divorce entered in Pinellas County on November 2, 1964. On April 3, 1969, petitioner married Jack Hooper in New Orleans, and three children were born of that marriage. On September 12, 1975, petitioner was divorced from Jack Hooper in Florida and was given custody of the three minor children, who are still minors and live with the petitioner in Charlotte County. Her name was not changed back to her birth-given name at the time her second dissolution of marriage decree was entered. The children have the surname of their father, Jack Hooper. The petitioner currently is not married. She has been known only by her maiden name, her married name of Adock, and her married name of Hooper. She has never been adjudicated bankrupt nor has she been convicted of a felony. No money judgment has ever been entered against her. The petition, which listed all her prior places of residence, states that it was filed for no ulterior or illegal purposes and that granting the petition would not invade the property rights of others.
A hearing was held on the petition. There is no transcript of the hearing. On January 11, 1983, the trial court denied the petition without stating its reasons. Petitioner then filed timely notice of appeal.
Although the record in this case contains no grounds for the trial court's action, there is a suggestion that the reason may have been that upon a change in petitioner's name, petitioner's minor children would then have a name different from that of their mother. We do not find that a reason of that nature would constitute grounds for denial of the petition here. See Moskowitz v. Moskowitz, 118 N.H. 199, 385 A.2d 120 (1978).
Section 68.07, Florida Statutes (1981), which contains requirements to be met to authorize a name change, does not *403 provide for any restriction for a change of name by a custodial mother whose children would have a name different from that of their mother. The right of a woman to her birth-given name, notwithstanding marriage, is established under Florida law. See Marshall v. State, 301 So.2d 477 (Fla. 1st DCA 1974); Davis v. Roos, 326 So.2d 226 (Fla. 3d DCA 1976). See also Egner v. Egner, 133 N.J. Super. 403, 337 A.2d 46 (N.J. 1975). Absent injury to the rights of others, there appears to be no reason why a woman's failure to assert that right upon her marriage should prevent her from doing so later, i.e., at the time of her divorce or thereafter.
A divorced mother's remarriage apparently is "a statistical probability." Egner, 337 A.2d at 48. The dissimilarity of a divorced mother's and her children's names is not prohibited upon her remarriage and her assumption of her new husband's name. Arnett v. Matthew, 259 So.2d 535 (Fla. 1st DCA 1972). Relative to the interests of the children, we can see no distinction between that situation and the facts of this case. Lazow v. Lazow, 147 So.2d 12 (Fla. 3d DCA 1962).
Accordingly, we reverse and remand. On remand, the trial court is directed to grant the relief requested if it finds the allegations are in fact true as alleged.
BOARDMAN, A.C.J., and DANAHY, J., concur.