PER CURIAM.
In this dissolution of marriage proceeding, the trial court denied the wife restoration of her prenuptial name on the sole ground that even though she had met all the statutory requirements of Section 68.07, Florida Statutes, it was not in the best interest of the minor children of the parties to bear a name different than their mother because such would cause a stigma [1] upon them. We conclude that the reason advanced by the trial judge is insufficient in and of itself to deny restoration of one’s maiden name and is unsupported by the evidence.
In so concluding, we adopt the reasoning of the Second District Court of Appeal in In re the Petition of Hooper, 436 So.2d 401, 403 (Fla. 2d DCA 1983), as follows:
The right of a woman to her birth-given name, notwithstanding marriage, is established under Florida Law. See Marshall v. State, 301 So.2d 477 (Fla. 1st DCA 1974); Davis v. Roos, 326 So.2d 226 (Fla. 3d DCA 1976). See also Egner v. Egner, 133 N.J.Super. 403, 337 A.2d 46 (N.J.1975). Absent injury to the rights of others, there appears to be no reason why a woman’s failure to assert that right upon her marriage should prevent her from doing so later, i.e., at the time of her divorce or thereafter.
A divorced mother’s remarriage apparently is “a substantial probability.” Egner, 337 A.2d at 48. The dissimilarity of a divorced mother’s and her children’s names is not prohibited upon her remarriage and her assumption of her new husband’s name. Arnett v. Matthew, 259 So.2d 535 (Fla. 1st DCA 1972). Rela *990 tive to the interests of the children, we can see no distinction between that situation and the facts of this case. Lazow v. Lazow, 147 So.2d 12 (Fla. 3d DCA 1962).
Furthermore, we note that there was no evidence presented below which would support the finding that the children would be adversely affected if they bore a name different than the custodial parent. Mere speculation as to the harmful effect which might be caused by such a situation is insufficient reason to deny a name change, Moskowitz v. Moskowitz, 118 N.H. 199, 385 A.2d 120 (N.H.1978), and, in this day and age, is perhaps unfounded. See Klein v. Klein, 36 Md.App. 177, 373 A.2d 86 (1977).
Accordingly, the judgment of the trial judge denying the ex-wife restoration of her maiden name is reversed and the cause remanded with directions that the requested relief be granted.
BOOTH, WIGGINTON and ZEHMER, JJ., concur.

. The trial judge orally stated that "I think it casts a stigma upon the children, it sets them at a disadvantage at school and other social'functions.”