ON MOTION FOR REHEARING OR ALTERNATIVELY FOR CERTIFICATION
W.C. GRIDLEY, Associate Judge.
Appellant, Department of Revenue (DOR), seeks rehearing or, alternatively, certification of the opinion issued in this cause on December 18, 1992. As grounds for the motion, DOR submits that we overlooked controlling points of law and facts; specifically, reiterating its position that the loan documents constitute renewal notes. Further, DOR also argues that our decision is in direct conflict with Department of Revenue v. Miami National Bank, 374 So.2d 1 (Fla.1979). We have carefully considered these arguments and conclude that they lack merit.
The controlling and original loan agreement included a mortgage and note. The mortgage included a future advance clause that set an upper limit on the total indebtedness of $64,000, and an outside time limit for future advances of 20 years. Section 201.08(2) of the Florida Statutes (1987) states that when there is both a mortgage and a note the tax shall be paid on the mortgage at the time of recordation and a notation shall be made on the note that the tax has been paid. The statute provides, “at the time and so often as any future advance is made, the tax shall be paid on all sums then advanced regardless of where such advance is made.” Pursuant to this statute the documentary stamp tax was paid on the mortgage based on the amount of the original indebtedness and on one previous future advance.[1]
On January 12, 1988 a future advance of $7,500 was obtained by the mortgagor as evidenced by the questioned future advance document. The “form and face” of the future agreement clearly set out that the amount to be loaned was the $7,500 which was to be added to the then existing unpaid balance, which made a total outstanding sum of $61,149.77. The cumulative total of the debt was below the $64,000 limit and well within the 20 year time limit. The original mortgage had never been terminated or made void by a complete payment of any existing debt it secured.
DOR’s arguments skirt the future advance basis of this court’s decision. So long as future advances are made during the existence of a viable “open-end” type mortgage and any incorporated note, the tax on the document setting out the future advance should be measured by the amount of the future advance and not on any existing sums on which the tax has been previously paid. DOR argues that having the payments on the existing note modified and merged in with the payments on the future advance portion of the debt takes the document out of the coverage of section 201.-08(2). However, such an interpretation would defeat the intention of section 201.-08(2) which is to just tax the future advance and not the original amounts loaned. Further, without the allowable future ad- *255 vanee increase in the loan there is no enlargement in the amount of the original obligation and, therefore, the document in question should not be interpreted to be a renewal note “subject in full to taxation.” Department of Revenue v. Miami National Bank, 374 So.2d 1 (Fla.1979).
Once more, the questioned document in this case represents a future advance of $7,500 that is properly taxable as set out in section 201.08(2). See Department of Revenue v. Lincoln Pointe Associates, Ltd., 544 So.2d 291 (Fla. 1st DCA 1989). See also 53 Fla.Jur.2d Taxation § 29:122 (1983).
Accordingly, appellant’s motion is denied.
GOSHORN, C.J., and W. SHARP, J., concur.

. A copy of the note incorporated in the original mortgage was attached to appellant’s initial brief, but was apparently not included in the record evidence before the trial court.