STRINGER, Judge.
Appellant, Mike Wells, the Property Appraiser for Pasco County, Florida, challenges a trial court order granting a final summary judgment in favor of appellees, John and Emily Vallier. Appellant argues that appellees should not be considered permanent residents of Pasco County for homestead tax exemption purposes because they received a residency-based property tax credit in the State of New Hampshire. We disagree.
The undisputed facts show that for approximately sixteen years, appellees:
(1) applied for and received homestead tax exemptions for their residence in the State of Florida;
(2) have maintained valid Florida driver’s licenses and have not maintained driver’s licenses from any other state;
(3) have had one or more motor vehicles registered in the State of Florida and have not had any other vehicles registered in any other state;
(4) have been registered voters in the State of Florida and in no other state;
(5) have listed their Florida residence as their address for federal income tax purposes and have not used any other address for such purposes;
(6) have maintained their primary personal checking and savings accounts within the State of Florida;
(7) have been physically present in the State of Florida, on average, seven to eight months of each calendar year;
(8) have had their primary physicians, accountants, brokers and church within the State of Florida;
(9) have maintained their family keepsakes within their Florida residence;
(10)have executed their last will and testament within the State of Florida; and
(11)have received a $100 per year residency-based property tax credit in the State of New Hampshire for a summer home they own in that state.
The sole basis for appellant’s argument that appellees should not be considered permanent residents of Pasco County, Florida, is the fact that appellees received the $100 per year residency-based property tax credit in the State of New Hampshire. Appellant asserted that this alone was sufficient to render appellees ineligible to receive homestead tax exemption as permanent residents of Pasco County, Florida. The trial court concluded that appellees were permanent residents of Pasco County, Florida, and were therefore entitled to receive a homestead tax exemption despite the fact that they also received a residency-based property tax credit in the State of New Hampshire. We agree with the trial court’s conclusions.
While the fact that a property owner receives a residency-based property tax credit in another state may be a factor considered in determining whether Florida is their permanent residence, that fact alone is not conclusive on the issue. In this case, appellant argues no other basis for not considering appellees permanent residents of Pasco County, Florida. Appellant maintains this argument in spite of the overwhelming evidence showing that appellees were permanent residents of Pasco County, Florida, and had been for sixteen years. It is clear from this record that appellees are permanent residents of Pasco County, Florida, and have complied with the requirements for receiving a homestead tax exemption in this state.
Accordingly, we affirm.
Affirmed.
ALTENBERND, A.C.J., and WHATLEY, J., Concur.