Dear Mr. Levy:
On behalf of the Honorable W.L. Pritchett, Jr., Putnam County Property Appraiser, you ask the following questions:
1. Are vacant lots owned by the Putnam County Habitat for Humanity on January 1 eligible for exemption from ad valorem taxation pursuant to section 196.1978, Florida Statutes?
2. Are vacant lots owned by the Putnam County Habitat for Humanity on January 1 entitled to exemption from ad valorem taxation as a charitable purpose?
You state that the Putnam County Habitat for Humanity (Habitat) has an inventory of vacant lots, some of which are suitable for future building sites for Habitat housing and others which are being held for resale.
Question One
All real and personal property in this state is subject to taxation, unless the Legislature has expressly exempted it from taxation.[1]
Relevant to real property owned by Habitat, section 196.1978, Florida Statutes, provides:
"Property used to provide affordable housing serving eligible persons as defined by s. 159.603(7) and persons meeting income limits specified in s. 420.0004(8), (10), (11), and (15), which property is owned entirely by a nonprofit entity which is qualified as charitable under s. 501(c)(3) of the Internal Revenue Code and which complies with Rev. Proc. 96-32, 1996-1 C.B. 717, shall be considered property owned by an exempt entity and used for a charitable purpose, and those portions ofthe affordable housing property which provide housing to individuals with incomes as defined in s. 420.0004(10) and (15) shall be exempt fromad valorem taxation to the extent authorized in s. 196.196. All property identified in this section shall comply with the criteria for determination of exempt status to be applied by property appraisers on an annual basis as defined in s. 196.195. The Legislature intends that any property owned by a limited liability company which is disregarded as an entity for federal income tax purposes pursuant to Treasury Regulation 301.7701-3(b)(1)(ii) shall be treated as owned by its sole member."[2] (e.s.)
The plain language of the tax exemption provided in section 196.1978, Florida Statutes, makes it applicable only to those portions of affordable housing property which actually provide housing to specified individuals. As the Legislature has prescribed the particular application of the tax exemption, no other exemptions may be inferred.[3] Moreover, where the benefits of a tax exemption are claimed, the constitution or statutes involved must be construed strictly against the one attempting to bring himself or herself within the terms of the exemption.[4]
Given the clear restriction on the application of section 196.1978, Florida Statutes, only to those portions of affordable housing property providing housing to low income people, the tax exemption provided in section 196.1978 may not be applied to vacant property held by the Putnam County Habitat for Humanity.[5]
Question Two
By statute, all real property in the state is assessed "according to its just value" on January 1st of each year.[6] Article VII, Section (3)(a), Florida Constitution, however, states that "[s]uch portions of property as are used predominately for educational, literary, scientific, religious or charitable purposes may be exempted by general law from taxation." This constitutional recognition of a tax exemption for educational, literary, scientific, religious, or charitable purposes has been given effect by Chapter 196, Florida Statutes.[7]
Every person or organization who, on January 1, has legal title to real property which is entitled by law to an exemption from taxation must file by March 1 of each year an application for exemption with the county property appraiser.[8] The county property appraiser must then make a factual determination of whether the property falls within the specified exemption.[9] A "[c]haritable purpose" is defined as:
"A function or service which is of such a community service that its discontinuance could legally result in the allocation of public funds for the continuance of the function or service. It is not necessary that public funds be allocated for such function or service but only that any such allocation would be legal."
It appears clear that the activities of Habitat for Humanity comply with the definition of a charitable purpose by its providing housing to low income individuals. The question remains as to how vacant land held by Habitat qualifies as being used for a charitable purpose. Section 196.196, Florida Statutes, provides the criteria for determining whether an applicant is using all or a portion of its property predominately for a charitable, religious, scientific, or literary purpose.[10] The statute particularly addresses the instance in which property owned by an exempt entity is considered "used for a religious purpose" if the institution has taken affirmative steps to prepare the property for use as a house of public worship. Affirmative steps include "environmental or land use permitting activities, creation of architectural plans or schematic drawings, land clearing or site preparation, construction or renovation activities, or other similar activities that demonstrate a commitment of the property to a religious use as a house of public worship."[11]
The Legislature has not provided similar language for property held by a charitable entity in the process of being developed for a charitable purpose. You indicate that there were several bills introduced during the 2008 legislative session that would have bestowed exempt status on vacant property owned by an exempt entity in the process of being developed for use as affordable housing, but none were passed.[12] I have not found nor have any established rules of statutory construction been brought to my attention that makes proposed legislation that fails to pass indicative of a need for the proposed language.
As noted above, whether specific property held by an exempt entity qualifies as being used for a charitable purpose is a factual question which must be determined by the property appraiser applying the criteria prescribed in Chapter 196, Florida Statutes. This office, regrettably, may not make such a determination on behalf of the property appraiser.[13]
Accordingly, the property appraiser must apply the criteria contained in Chapter 196, Florida Statutes, to make a factual determination of whether vacant lots held by the
Putnam County Habitat for Humanity qualifies as property used for a charitable purpose such that it is exempt from ad valorem taxation.
Sincerely,
 Bill McCollum Attorney General
BM/tals
[1] See s. 196.001, Fla. Stat.
[2] It is assumed for purposes of this opinion that the guidelines set forth in s. 159.603(7), Fla. Stat., and s. 420.0004(8), (10), (11), and (15), Fla. Stat., are used by Putnam County Habitat for Humanity in its determination of eligibility for proposed homeowners and it is also presumed that Habitat is a 501(c)(3) charitable under the Internal Revenue Code.
[3] See Dobbs v. Sea Isle Hotel, 56 So. 2d 341, 342 (Fla. 1952) (where a statute sets forth exceptions, no others may be inferred to be intended); Alsop v. Pierce, 19 So. 2d 799, 805-806 (Fla. 1944);Thayer v. State, 335 So. 2d 815, 817 (Fla. 1976).
[4] See, e.g., Schooley v. Judd, 149 So. 2d 587 (Fla. 2d DCA 1963),cert. den., 155 So. 2d 615 (Fla. 1963), reviewed on other grounds,158 So. 2d 514 (Fla. 1963); Op. Att'y Gen. Fla. 02-19 (2002).
[5] See Parrish v. Pier Club Apartments, LLC, 900 So. 2d 683 (Fla. 4th DCA 2005) (actual occupancy of a unit is required on January 1st to trigger the exemption in s. 196.1978, Fla. Stat.).
[6] Section 192.042(1), Fla. Stat.
[7] See ss. 196.012(1), 196.192, and 196.196, Fla. Stat.
[8] Section 196.011(1)(a), Fla. Stat.
[9] Section 196.193, Fla. Stat.
[10] The criteria include:
"(1)(a) The nature and extent of the charitable, religious, scientific, or literary activity of the applicant, a comparison of such activities with all other activities of the organization, and the utilization of the property for charitable, religious, scientific, or literary activities as compared with other uses.
(b) The extent to which the property has been made available to groups who perform exempt purposes at a charge that is equal to or less than the cost of providing the facilities for their use. Such rental or service shall be considered as part of the exempt purposes of the applicant.
(2) Only those portions of property used predominantly for charitable, religious, scientific, or literary purposes shall be exempt. In no event shall an incidental use of property either qualify such property for an exemption or impair the exemption of an otherwise exempt property.
(3) Property owned by an exempt organization is used for a religious purpose if the institution has taken affirmative steps to prepare the property for use as a house of public worship. The term "affirmative steps" means environmental or land use permitting activities, creation of architectural plans or schematic drawings, land clearing or site preparation, construction or renovation activities, or other similar activities that demonstrate a commitment of the property to a religious use as a house of public worship. For purposes of this subsection, the term "public worship" means religious worship services and those other activities that are incidental to religious worship services, such as educational activities, parking, recreation, partaking of meals, and fellowship.
(4) Except as otherwise provided herein, property claimed as exempt for literary, scientific, religious, or charitable purposes which is used for profitmaking purposes shall be subject to ad valorem taxation. Use of property for functions not requiring a business or occupational license conducted by the organization at its primary residence, the revenue of which is used wholly for exempt purposes, shall not be considered profit making. In this connection the playing of bingo on such property shall not be considered as using such property in such a manner as would impair its exempt status."
[11] See s. 196.196(3), Fla. Stat.
[12] See s. 2, SB 482 (2008 Legislative Session); s. 2, SB 1490 (2008 Legislative Session), extending tax exemption in s. 196.1978, Fla. Stat., to undeveloped property for which affirmative steps have been taken to prepare the property to provide housing; s. 4, CS/CS/HB 699 (2008 Legislative Session); and s. 1, HB 735 (2008 Legislative Session).
[13] See Op. Att'y Gen. 74-231 (1974).