WHATLEY, Judge.
 

 Mike Wells, as the Property Appraiser of Pasco County, appeals a final judgment finding that James Haldeos was entitled to receive a homestead tax exemption on his property. Mr. Haldeos has owned and permanently resided on property located in Pasco County since 2005. Mr. Hald-eos’s wife, Rosa Accomando, with whom he has been separated since 2008, owns and permanently resides on property in the state of New York, and she receives a residency-based property tax exemption in New York. Because his wife receives this property tax exemption in New York, the Property Appraiser denied Mr. Haldeos a homestead exemption based on his position that a married couple cannot receive more than one homestead exemption.
 

 Florida’s homestead exemption derives from Article VII, Section 6(a) of the Florida Constitution, which provides that a homestead exemption extends to “[ejvery person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner, or another legally or naturally dependent upon the owner.” However, section 6(b) directs that “[n]ot more than one exemption shall
 
 *86
 
 be allowed any individual or family unit or with respect to any residential unit.” Art. VII, § 6(b), Fla. Const, (emphasis added). The Property Appraiser contends that a married couple is a “family unit” and is therefore entitled to only one exemption. As noted by the trial court, there is no constitutional or statutory definition of “family unit,” and there is no case law interpreting the term.
 

 In the final judgment, the trial court noted that all of the material facts were stipulated to by the parties and were not in dispute.
 
 [1]
 
 Mr. Haldeos and his wife have established two separate permanent residences in good faith. Mr. Haldeos has no financial connection with his wife and they do not provide benefits, income, or support to each other. He has a Florida driver’s license and his vehicle is registered in Pasco County. At the hearing, the attorney for the Property Appraiser stated that
 

 we agree in this case that if there isn’t an absolute [prohibition on married couples from receiving two homestead exemptions], this case would be the outlier that would surely be entitled to a homestead. We’re not trying to say that they’re trying to disprove factually a family unit, that there’s any financial aspects involved, or that there is any relationship on-going because we have nothing to surmise that or nothing has been developed.
 

 The trial court found that it would defy logic for two people “who have no contact with one another, who don’t have any connections of a financial, emotional or any other way to call them a family unit.” Based on this reasoning, the trial court ruled that Mr. Haldeos and his wife constitute separate “family units” and may obtain two separate homestead exemptions.
 

 The Property Appraiser argues on appeal that this interpretation of the term “family unit” is contrary to the intent of section 196.031(5), Florida Statutes (2009), which provides as follows:
 

 A person who is receiving or claiming the benefit of an ad valorem tax exemption or a tax credit in another state where permanent residency is required as a basis for the granting of that ad valorem tax exemption or tax credit is not entitled to the homestead exemption provided by this section.
 

 We do not agree that the trial court’s ruling is at odds with section 196.031(5), as the statute clearly prohibits an individual from receiving two residency-based tax credits. If the legislature had intended, as the Property Appraiser suggests, to prohibit a married couple from receiving two such tax exemptions, it could have included married couples in the above language.
 

 The Property Appraiser further argues that the statute must be strictly construed against the taxpayer where “the homestead exemption provides relief from an ad valorem tax.”
 
 DeQuervain v. Desguin,
 
 927 So.2d 232, 236 (Fla. 2d DCA 2006). While we agree with this premise, we note that “[w]here the statute’s language is clear or unambiguous, courts need not employ principles of statutory construction to determine and effectuate legislative intent.”
 
 See Fla. Dep’t of Children & Family Servs. v. P.E.,
 
 14 So.3d 228, 234 (Fla.2009). Section 196.031(5) clearly and unambiguously refers to a “person” and not a married couple or family unit.
 

 Although there is no constitutional or statutory guidance on the issue at bar, the
 
 *87
 
 Florida Department of Revenue has enacted a rule instructing property appraisers that married couples may be considered separate “family units” in certain circumstances. Florida Administrative Code Rule 12D-7.007(7), provides as follows:
 

 If it is determined by the property appraiser that separate permanent residences and separate “family units” have been established by the husband and wife, and they are otherwise qualified, each may be granted homestead exemption from ad valorem taxation under Article VII, Section 6, 1968 State Constitution. The fact that both residences may be owned by both husband and wife as tenants by the entireties will not defeat the grant of homestead ad valorem tax exemption to the permanent residence of each.
 

 In determining whether Mr. Haldeos was entitled to a homestead exemption, the Property Appraiser was required to follow rule 12D-7.007(7): “The Department of Revenue shall prescribe reasonable rules and regulations for the assessing and collecting of taxes, and such rules and regulations shall be followed by the property appraisers, tax collectors, clerks of the circuit court, and value adjustment boards.” § 195.027(1), Fla. Stat. (2009).
 

 In a case involving the protection of a homestead from a judgment, the Fourth District held that when a married couple is separated, the husband can claim a homestead exemption for a residence in which he resides and owns, even though he still owns a home with his estranged wife for which they claim a homestead tax exemption.
 
 Law v. Law,
 
 738 So.2d 522, 524 (Fla. 4th DCA 1999). In that case, the argument was made that the husband’s home could not be homestead because the home he owned with his wife was, as a matter of law, his homestead, and a person cannot have two homesteads.
 
 Id.
 
 The Fourth District held:
 

 We see nothing inconsistent with our public policy if we extend a homestead exemption to each of two people who are married, but legitimately live apart in separate residences, if they otherwise meet the requirements of the exemption. When we say “legitimately” we mean that there is no “fraudulent or otherwise egregious act” by the beneficiary of the homestead exemption.
 

 Id.
 
 at 525.
 

 The court agreed that the husband could not have two homesteads and that a husband and wife in an intact marriage could not have two homesteads. However, the court held that the husband’s homestead could be different from the wife’s homestead “where their separation was bona-fide,” and it was the intent of the husband to live in his separate home.
 
 Id.; see generally Judd v. Schooley,
 
 158 So.2d 514, 517 (Fla.1963) (holding that the wife could claim a permanent home in Florida and receive a homestead exemption even though her husband was legally domiciled in another state).
 

 Although opinions of the Florida Attorney General are not binding on this court, we note that they have favored the granting of two separate homestead exemptions to a husband and wife where they establish separate permanent residences. 75 Op. Att’y Gen. 146 (1975); 05 Op. Att’y Gen. 60 (2005).
 

 The Property Appraiser urges that if married couples can be considered separate “family units” in these circumstances, such a result would make his job in reviewing homestead exemptions virtually administratively unworkable, because no property appraiser will have the staff and available resources to verify whether a married couple is, in fact, maintaining two separate permanent residences. While we
 
 *88
 
 recognize that property appraisers will be required to review the financial information of separated couples in these unique circumstances, we note that the person claiming the homestead exemption has the burden of proving that he or she qualifies for such.
 
 Schooley v. Judd,
 
 149 So.2d 587, 590 (Fla. 2d DCA 1963),
 
 reversed on other grounds,
 
 158 So.2d 514 (Fla.1963).
 

 Accordingly, we conclude that in the unique circumstances presented in this case, where the husband and wife have established two separate permanent residences in good faith and have no financial connection with and do not provide benefits, income, or support to each other, each may be granted a homestead exemption if they otherwise qualify.
 

 Affirmed.
 

 SILBERMAN, J., Concurs.
 

 KELLY, J., Concurs in result only.
 

 [1]
 

 . Because the facts are undisputed, the issue on appeal involves solely a question of law to which a de novo standard of review is applied.
 
 Reinish v. Clark,
 
 765 So.2d 197, 203 (Fla. 1st DCA 2000).