DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**ROBERT BRKLACIC,**
Appellant,

v.

**LORI PARRISH**, in her official capacity as Property Appraiser of Broward
County, Florida, and **JUDITH FINK,** as Revenue Collector,
Appellees.

No. 4D12-2597

[September 3, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit,
Broward County; Mily Rodriguez Powell, Judge; L.T. Case No. 11-2973(03)
CACE.

Jerome R. Schechter and Danielle Greenberg of Jerome R. Schechter,
P.A., Fort Lauderdale, for appellant.

Gregory Durden of Gregory Durden, P.A., and Mila K. Schwartzreich,
Fort Lauderdale, for appellees.

FORST, J.

Appellant Robert Brklacic appeals the final summary judgment entered
against him in favor of Appellees Lori Parrish (Property Appraiser of
Broward County) and Judith Fink (Revenue Collector for Broward County).
Appellant challenged Appellees' assessment of an ad valorem back tax lien,
penalties, and interest based on Appellees' determination that Appellant
was not entitled to a homestead exemption for his residential property in
Broward County when a homestead exemption was granted for the Palm
Beach County residential property of Appellant's wife. Appellant
maintains that he and his wife had established "separate family units,"
entitling each of them to their own homestead tax exemption on their
respective residences. Appellees and the trial court found otherwise and,
upon review of the court's application of the Florida Constitution and
Florida Administrative Code, we concur and affirm.

**Background**

Appellant purchased a property in Broward County in 1979, and he has resided there continuously while securing a homestead tax exemption during that time. Appellant married "the love of his life" in 2001 and, as of the time of the hearing in this case, he acknowledged that he and his wife continue to maintain a predominately congenial marriage. Notwithstanding the 2001 marriage, Appellant's wife has continued to maintain her own residence in Palm Beach County. The couple agreed to maintain their own separate residences until each retired, for personal and professional convenience. Both before and after the 2001 marriage, both spouses claimed homestead tax exemptions for their respective properties. Appellant testified that he and his wife never lived together on a daily basis, but they stayed together on weekends and holidays when they traveled together or when Appellant stayed with his wife at her home in Palm Beach County. They have no children living in either residence. Appellant also maintained that he and his wife kept separate accounts and monies.

Article VII, Section 6 of the Florida Constitution allows "[e]very person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner" to claim a homestead tax exemption. However, subsection (b) provides, "Not more than one exemption shall be allowed any individual or *family unit* or with respect to any residential unit." Art. VII, § 6(b), Fla. Const. (emphasis added).

The Florida Department of Revenue is charged with the responsibility to establish rules and regulations for assessing and collecting taxes. § 195.027(1), Fla. Stat. (2012). Thus, the Department of Revenue created Administrative Code Rule 12D-7.007 to address the homestead tax exemption. Subsection (7) provides, in relevant part:

> A married woman and her husband may establish separate permanent residences without showing "impelling reasons" or "just ground" for doing so. If it is determined by the property appraiser that separate permanent residences *and separate "family units"* have been established by the husband and wife, and they are otherwise qualified, each may be granted homestead exemption from ad valorem taxation under Article VII, Section 6, 1968 State Constitution.

Fla. Admin. Code R. 12D-7.007(7) (emphasis added).

In 2010, the Property Appraiser sent Appellant a notice of intent to file a lien against his Broward County property because Appellant received a homestead exemption for that property for the years of 2002 to 2009, but

the Property Appraiser found that Appellant was not qualified for such an exemption. Appellant then filed a complaint against the Property Appraiser and the Revenue Collector, alleging that he is entitled to the exemption because he has always maintained the subject property as his permanent residence and, even though he is married, the spouses have established separate family units. The complaint requested the court to cancel the tax lien and reestablish the homestead exemption to the Broward County property.

The trial court granted the Property Appraiser's motion for summary judgment, finding that the undisputed facts and the evidence support the conclusion that Appellant and his wife were a single family unit and, as such, Appellant has not shown entitlement to a homestead tax exemption as his wife received one in Palm Beach County.

## Analysis

As noted above, the pertinent Constitutional provision states, "Not more than one exemption shall be allowed any individual or *family unit* or with respect to any residential unit." Art. VII, §6(b), Fla. Const. (emphasis added). Two individuals (Appellant and his wife) received two homestead exemptions with respect to two residential units (their respective Broward and Palm Beach County residences). Appellant argues that he and his wife are separate "family units" and, as such, entitled to their own separate homestead exemptions for their respective separate permanent residences. Neither the Property Appraiser nor the trial court challenged Appellant's claim that he and his wife primarily resided in separate permanent residences; the sole contested issue is whether the trial court properly determined, on summary judgment, that Appellant and his wife constituted *one* family unit and were thus limited to *one* homestead exemption.

No constitutional or statutory definition for "family unit" exists, and no Florida appellate case addressed the issue until *Wells v. Haldeos*, 48 So. 3d 85 (Fla. 2d DCA 2010). In *Wells*, a husband owned and permanently resided on a property in Florida and sought a homestead tax exemption. *Id.* at 85. The husband had been *separated* from his wife for a few years before he purchased the home and sought the exemption. *Id.* However, the exemption was denied under the provision allowing for only one exemption per family unit because the wife owned and permanently resided on a property in the state of New York where she was already receiving a residency-based property tax exemption. *Id.*

3

The trial court in *Wells* found that the husband was entitled to the exemption and the Second District affirmed, holding that the husband and wife constituted separate family units. *Id.* at 85-88. Significantly, "[t]he trial court found that it would defy logic for two people 'who have no contact with one another, *who don't have any connections of a financial, emotional or any other way* to call them a family unit.'" *Id.* at 86 (emphasis added). In arriving at its decision, the Second District relied on Fla. Admin. Code R. 12D-7.007(7), as well as our previous decision regarding protection of a homestead from liens in *Law v. Law*, 738 So. 2d 522 (Fla. 4th DCA 1999), the Florida Supreme Court's decision regarding another constitutional tax exemption in *Judd v. Schooley*, 158 So. 2d 514 (Fla. 1963), and advisory opinions from the Florida Attorney General, which all agreed that married persons may establish separate homesteads under certain circumstances. *Wells*, 48 So. 3d at 87-88. The Second District concluded that "in the unique circumstances presented in [*Wells*], where the husband and wife have established two separate permanent residences in good faith and have no financial connection with and do not provide benefits, income, or support to each other, each may be granted a homestead exemption if they otherwise qualify." *Id.* at 88. It appears that the Second District, in defining "family unit" for the purposes of the exemption, focused on the fact that the husband and wife were estranged.

In *Law*, we, albeit faced with a different constitutional provision protecting a homestead from liens, focused on whether the husband and wife were in an "intact marriage" to determine whether a husband and wife could have two homesteads. *Law*, 738 So. 2d at 525. The husband and wife in *Law* were *separated* and permanently living apart when the husband sought to claim one residence as his homestead to be exempt from liens while the wife was living in the couple's former home where they claimed a homestead tax exemption. *Id.* at 523. We analyzed the purpose of the homestead exemption against creditors as a means of protecting the family unit and concluded that there is "nothing inconsistent with our policy if we extend a homestead exemption to each of two people who are married, but *legitimately live apart* in separate residences, if they otherwise meet the requirements of the exemption." *Id.* at 525 (emphasis added).

The advisory opinions from the Florida Attorney General offer further guidance as to how to define a "family unit" for homestead tax exemption. In opinion number 75-146, the Attorney General was asked to advise whether a married, yet *separated*, husband and wife could claim separate homestead tax exemptions when they each established a separate permanent residence. Op. Att'y Gen. Fla. 75-146 (1975). The question was answered in the affirmative because the *separation* (as in, estrangement) of the parties made them separate family units. *Id.*; *see*

4

*also* Op. Att'y Gen. Fla. 2005-60 (2005) (explaining that opinion number 75-146 found that the married individuals could obtain separate homestead exemptions because of the circumstances where the spouses were *separated*). In the same opinion, the Attorney General referenced opinion number 64-05, which found that a married couple living separately *but still residing together for periods of time* could *not* be entitled to separate homestead tax exemptions. Op. Att'y Gen. Fla. 75-146 (1975) (explaining that opinion number 64-05 concluded that a husband and a wife could not both be "granted [a] homestead tax exemption on dwelling houses maintained by each of them merely because they spend a large part of the time in their separate dwelling houses") (quoting Op. Att'y Gen. Fla. 64-05 (1964)).

Subsequent advisory opinions consistently emphasize that married individuals can obtain separate exemptions *only* when they have established separate permanent residences *and* separate family units. *See, e.g.*, Op. Att'y Gen. Fla. 2005-60 (2005); Op. Att'y Gen. Fla. 2008-13 (2008). This suggests that, with respect to the legal authorities that have addressed the definition of "family unit," the focus is more than just where the members of the family live, contrary to Appellant's contention in the instant case. The foregoing law and persuasive authority favor finding that a married couple constitutes a single family unit when the marriage is intact, as opposed to the couple being separated or estranged. A single family unit would thus exist where spouses (even though living in separate primary residences or even separate permanent residences) live together at different periods of time, support each other in some financial or emotional way, and/or present themselves as a married couple (as opposed to estranged individuals who are just technically still married). *See Wells*, 48 So. 3d at 88; *Law*, 738 So. 2d at 523-24.

## Conclusion

"Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." *Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000); Fla. R. Civ. P. 1.510(c). The burden is on the moving party to conclusively show that no genuine issue of material fact exists. *Frost v. Regions Bank*, 15 So. 3d 905, 906 (Fla. 4th DCA 2009). "If the record reflects even the possibility of a material issue of fact, or if different inferences can reasonably be drawn from the facts, the doubt must be resolved against the moving party." *McCabe v. Fla. Power & Light Co.*, 68 So. 3d 995, 997 (Fla. 4th DCA 2011) (quoting *Fla. Atl. Univ. Bd. of Trs. v. Lindsey*, 50 So. 3d 1205, 1206 (Fla. 4th DCA 2010)).

We affirm the trial court's judgment that the Property Appraiser satisfied the criteria for a summary judgment decision in this case. There are no issues of material fact as to whether Appellant and his wife constituted one "family unit" *as that term has been construed,*[1] and, as such, they were limited to one homestead exemption. Appellant has presented ample evidence that the Broward County residence was his primary residence and that there was little intermingling of the couple's finances. However, he and his wife were not "separated" as that term is understood in the context of the marital relationship, and the couple regularly spent time together in the same residence.

Because the undisputed facts are sufficient to establish that Appellant and his wife maintained an intact marriage during the operative years, they are a single "family unit" entitled to one homestead tax exemption, which Appellant's wife claimed during each year of the time period at issue (2002-09). As such, Appellant was not entitled to a second homestead tax exemption and the final summary judgment order is affirmed.

*Affirmed.*

STEVENSON and CONNER, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

---

[1] Appellant never asserted that he and his wife were "estranged" or living separate lives *24/365*. If he had done so, it would have placed the Property Appraiser and her staff in the position of determining whether the couple's marriage was no longer *intact*—"your honor, Exhibit 33 is a photo of the Defendant and his wife holding hands." On the flip side, an argument could be made that a couple with a very *intact* relationship who split their time between two residences may be able to claim two homestead exemptions so long as they are not legally married. One commenter has referred to this as the "'unwed' loophole." Amanda S. Coffey, *Pillow Talk and Property Taxes: Florida's Family Unit Requirement for Homestead Exemption and the Modern Marriage*, 41 Stetson L. Rev. 401, 416 (2012). Although we need not meander down that thorny path in the instant case, the ambiguity and perhaps unforeseen consequences associated with the definition of the term "family unit" may merit legislative scrutiny in the near future.