# Third District Court of Appeal

## State of Florida

Opinion filed October 2, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2015
Lower Tribunal No. 2021-24213-CA-01
_____

**Jared Freedman,**
Appellant,

vs.

**Pedro J. Garcia, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Nancy A. Hass, P.A., and Nancy A. Hass (Fort Lauderdale), for appellant.

Geraldine Bonzon-Keenan, Miami-Dade County Attorney, and Jorge Martinez-Esteve and Daija Page Lifshitz, Assistant County Attorneys, for appellees.

Before EMAS, SCALES and GORDO, JJ.

PER CURIAM.

Affirmed. <u>See</u> <u>Wells v. Haldeos</u>, 48 So. 3d 85, 85-86 (Fla. 2d DCA 2010) ("Florida's homestead exemption derives from Article VII, Section 6(a) of the Florida Constitution, which provides that a homestead exemption extends to 'every person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner, or another legally or naturally dependent upon the owner.' However, section 6(b) directs that 'not more than one exemption shall be allowed any **individual or family unit** or with respect to any residential unit.'" (quoting Art. VII, § 6(a)-(b), Fla. Const.)); <u>Garcia v. Andonie</u>, 101 So. 3d 339, 344 (Fla. 2012) ("[T]he plain language of the Florida Constitution . . . requires that the property owner maintain on the property either (1) the permanent residence of the owner; *or* (2) the permanent residence of another legally or naturally dependent upon the owner."); <u>Grisolia v. Pfeffer</u>, 77 So. 3d 732, 734 (Fla. 3d DCA 2011) ("The Florida Supreme Court has addressed the issue of homestead exemption and held that 'although it is not necessary that the head of the family reside in the state or intend to make the property in question his permanent residence, he must establish that **he intended to make this property his [dependent's] permanent residence.**'" (quoting <u>Cooke v. Uransky</u>, 412 So. 2d 340, 341 (Fla. 1982))); <u>Endsley v. Broward Cnty.</u>, 189 So. 3d 938, 940 (Fla. 4th DCA 2016) ("The law is well-settled that

2

a harmonious **family unit** . . . **cannot claim more than one homestead exemption** in the State of Florida.") (emphasis added); <u>Brklacic v. Parrish</u>, 149 So. 3d 85, 89 (Fla. 4th DCA 2014) ("We affirm the trial court's judgment that the Property Appraiser satisfied the criteria for a summary judgment decision in this case.  There are no issues of material fact as to whether Appellant and his wife constituted one 'family unit' *as that term has been construed,* and, as such, they were limited to one homestead exemption . . . Because the undisputed facts are sufficient to establish that Appellant and his wife maintained an intact marriage during the operative years, they are a single 'family unit' entitled to one homestead tax exemption . . . .") (footnote omitted).